## TRAVELERS INS. CO. v. BLUESTEIN.
### No. 3810.

Court of Civil Appeals of Texas. Beaumont.
March 21, 1941.

Rehearing Denied April 2, 1941.

Pipkin, & Pipkin, of Beaumont, for appellant.

Orgain, Carroll & Bell, of Beaumont, for appellee.

O'QUINN, Justice.

A. Bluestein brought this suit in the 60th district court of Jefferson County, Texas, against The Travelers Insurance Company to recover for expenses incurred by him in defending a damage suit filed and prosecuted by Elma Franklin against him in which damages were sought for injuries suffered by Elma Franklin on May 10, 1934, while operating an elevator in a four-story brick mercantile building belonging to said A. Bluestein, which elevator it was alleged was negligently allowed by Bluestein to be unsafe for operation. From a judgment in favor of Bluestein, The Travelers Insurance Company brings this appeal.

Appellee carried a compensation insurance policy with appellant covering Bluestein's employees engaged in and about the mercantile business conducted by said Bluestein in the mercantile building which obligated appellant to pay compensation as provided by the laws of the State of Texas for injuries and disability suffered by his said employees while in the course of their employment. Said insurance policy was, in certain contingencies, an indemnification policy. In said policy appellant by its contract obligated itself, after setting forth various requirements for compensation to any employee of appellee injured in the course of his employment, as follows:

"The Travelers Insurance Company of Hartford, Connecticut (hereinafter called the company), does hereby agree with his employer (A. Bluestein) named and described as such in the declarations forming a part hereof as respects personal injury sustained by employees, including death at any time resulting therefrom, as follows:

"One. (b) To indemnify this employer against loss by reason of the liability imposed upon him by law for damages on account of such injury to such of said employees as are legally employed wherever such injury may be sustained within the territorial limits of the United States of America or the Dominion of Canada."

"Three. To defend in the name and on behalf of this employer any suits or other proceedings which may at any time be instituted against him on account of such injury, including suits or other proceedings alleging such injury and demanding damages or compensation therefor, although such suit, other proceeding, allegations or demands are wholly groundless, false or fraudulent."

"Four. To pay all costs attached against this employer in any legal proceeding defended by the Company, all interest accruing after entry of judgment, and all expenses incurred by the company for investigation, negotiation or defense."

When Elma Franklin filed her suit against appellee to recover damages of him as at common law for the injuries suffered by her in operating the elevator, he notified appellant of the filing of the suit and that said Elma Franklin was at the time she received her injury an employee of his, Bluestein's, and demanded, under section 3 set out above of the insurance policy, that it defend the suit, which it refused to do, and then appellee secured his own counsel and defended the suit and succeeded in defeating the asserted cause of action against him. This instant suit, as above stated, was filed by appellee against appellant to recover his expenses incurred by him in defending the said suit of Elma Franklin against him.

The controlling question in this suit is whether said Elma Franklin was at the time she received her injury in operating the elevator of appellee, May 10, 1934, an employee of appellee Bluestein. If she was such employee then under the Compensation Law of Texas she could not maintain her said suit for damages as at common law, but would have to look to the compensation insurance carrier alone for her compensation for any disability she may have suffered by reason of her injuries. Sec. 3, Article 8306, Vernon's Ann. Civ.St. of Texas.

The petition filed by Elma Franklin in her suit (No. 49593) against A. Bluestein to recover damages as at common law for her injuries received in operating the elevator, among other things, alleged: "That at all times material to this cause of action the said defendant, A. Bluestein, was the owner of that certain building located upon the premises at the northwest corner of Proctor Street and Waco Avenue in the City of Port Arthur, Jefferson County, Texas; that upon said premises there was and is situated a building four stories in height; that the first or ground floor thereof was and is used as a retail store building by the said defendant; that the said defendant rented or caused to be rented to private individuals, persons, firms and corporations certain office space upon the second and third floors of said building, receiving from such tenants either directly or indirectly the rentals and revenues accruing by virtue thereof; that the defendant did furnish or cause to be furnished a certain electrically operated vertical elevator for the use and convenience of the tenants and patrons of said building." (Paragraph 3 of petition.)

In paragraph 4, among other things, it was alleged: "That the defendant, A. Bluestein, knew that said elevator was being used for the purpose of conveying persons having business in said building to the respective floors desired by said persons; that the said defendant further knew that said elevator required the attention of an employee to operate same; that the said A. Bluestein provided said elevator for the convenience of the patrons and tenants of said building; that the said A. Bluestein knew that said elevator required the attention of operators during the business hours of each day; that said A. Bluestein knew or should have known by the exercise of ordinary diligence that your plaintiff was engaged as an elevator operator in said building."

In paragraph 5, among other things, it was alleged: "* * * and while operating the said elevator in said building with the knowledge and consent of the defendant, the same slipped, fell and dropped, thereby inflicting the injuries whereof plaintiff complains * * *."

In paragraph 7 she further alleged: "Plaintiff alleges that on May 10, 1934, while operating the elevator in her capacity as an elevator operator, and in the ordinary manner, the same fell from the third floor of said building to the bottom of the pit underneath the lower floor of said shaft; * * *."

In her petition in her said suit against appellee, Elma Franklin alleged (paragraph 1) that on May 10, 1934, while in the employment of E. L. Vaughn, a resident of Jefferson County, Texas, she sustained severe accidental personal injuries; (paragraph 4) that "your plaintiff was employed by the said E. L. Vaughn as an elevator operator to operate said elevator on the premises hereinbefore mentioned; (paragraph 5) "That upon the date in question, to wit: May 10, 1934, and while in the course of her said employment with the said E. L. Vaughn, and while operating the said elevator in said building, with the knowledge and consent of the defendant, * * *." The above are all the times there was any mention of or reference to E. L. Vaughn in her petition. It is contended by appellee that these statements as to her being the employee of E. L. Vaughn are but conclusions of the pleader that she

was such employee. We think the contention sound. Nowhere in her petition did she allege any connection that E. L. Vaughn had with the building in which the elevator was operated, or any connection with or control of the elevator; no allegation that Vaughn had any right of control over her; no allegation that Vaughn controlled her in the manner of discharging her duties as operator of the elevator; or that he paid her wages, but instead she merely alleges the conclusion that she was employed by Vaughn.

It is further contended by appellee that the allegations of Miss Franklin's petition, when given a reasonable interpretation, considering the facts alleged, were sufficient to apprise appellant that she was suing as an employee of A. Bluestein. As shown above, she alleged that Bluestein owned the four-story brick mercantile building; that he conducted his own mercantile business in said building; that he rented office space on the second and third floors of said building to others, and received the rents therefor; that he maintained the elevator in said building for the use of himself, his employees and persons wishing to purchase merchandise from him; or to transact business with any of his tenants; that Bluestein knew she was one of the operators of the elevator being operated for his benefit and for the benefit of his business. We think this contention sound. Appellant, upon the filing of the suit, was immediately furnished with a copy of Miss Franklin's petition containing the allegations above mentioned, and so it was apprised of all these allegations of fact. Its contention is that as Miss Franklin, in her said petition had alleged that she was employed by E. L. Vaughn as an elevator operator, and that while in the course of her employment with said Vaughn, and while operating the said elevator in said building, with the knowledge and consent of the defendant Bluestein, she received her alleged injuries, that these allegations automatically eliminated any necessity of its defending the suit under its policy of insurance because it was alleged that she was Vaughn's employee. As stated, we think the allegations of Miss Franklin as to her being the employee of Vaughn and that she was operating the elevator as such employee of Vaughn, in the absence of the allegation of any facts showing any connection Vaughn had with the building in which the elevator was be-

ing operated; or the elevator itself, or that he controlled her in the operation of the elevator, or that he paid her wages, were but conclusions, not founded upon any facts plead.

The case was tried to a jury upon special issues in answer to which they found that Miss Franklin was, at the time she received her injuries, May 10, 1934, the employee of Bluestein, and that $500 was a reasonable compensation for the legal services rendered Bluestein by the law firm of Orgain, Carroll & Bell in the defense of Miss Franklin's suit against Bluestein, which appellant had refused to defend. On the trial, the parties agreed that in addition to the expenses of employing the attorneys appellee incurred the additional sum of $40.30 as necessary expenses in the defense of this suit. On the verdict of the jury, judgment was rendered in favor of appellee against appellant for $540.30, from which this appeal is prosecuted.

For the purpose of this opinion, we concede appellant's proposition that its obligation to defend Miss Franklin's suit against appellee, under the terms of its policy, depended solely upon the allegations of fact contained in Miss Franklin's petition; that is, if on Miss Franklin's allegations of fact she was not an employee of appellee at the time she was injured, then appellant was not obligated to defend the suit. These authorities cited by appellant tend to support this proposition: Maryland Casualty Co. v. Moritz, Tex. Civ.App., 138 S.W.2d 1095, writ refused; United States Fidelity & Guaranty Co. v. Baldwin, Tex.Com.App., 34 S.W.2d 815; Travelers Ins. Co. v. Reed Co., Tex.Civ. App., 135 S.W.2d 611; Fessenden School, Inc., v. American Mutual Liability Ins. Co., 289 Mass. 124, 193 N.E. 558, 559. But, as against appellant's proposition, it is our conclusion that on the fact allegations of Miss Franklin's petition, hereinbefore referred to, appellee, Bluestein, was her employer, and the allegations that E. L. Vaughn was her employer was a mere conclusion of the pleader, without support in the facts. As before stated, she alleged that appellee owned and did business in the mercantile building in which the elevator was located and operated; that he owned the elevator; that the elevator was operated for the benefit of appellee and his employees and customers; and that she was employed to operate and did operate the elevator for said purposes.

She nowhere alleged any connection that Vaughn had with the building, or the elevator; she alleged no facts showing any right Vaughn had to control her, or that in fact he exercised any control over her, or that he paid her wages. She merely alleged a conclusion that she was employed by Vaughn. Construing the facts alleged by Miss Franklin, we think they were sufficient to apprise appellant that she was suing appellee as her employer. It is our opinion that the service by appellee upon appellant of a copy of Miss Franklin's petition invoked its duty, under the terms of its policy to defend Miss Franklin's suit.

In Taylor B. & H. Ry. Co. v. Warner, 88 Tex. 642, 32 S.W. 868, 870, our Supreme Court said: "Every person who is found performing the work of another is presumed to be in the employment of the person whose work is being done, and if the facts be such as to exempt the owner of the property involved, or the person for whom the work is being performed, from liability for the acts of those performing such work, it devolves upon him who claims such exemption to make proof of the terms of the contract, showing that the relation of master and servant did not exist."

If evidence showing that work is being done for the benefit of a particular party, with that party's machinery, raises an issue of fact as to whether or not the party doing the work was an employee of the party for whose benefit the work was being done, in the instant case how could it be said that an allegation as made in the suit of Miss Franklin against Bluestein, that her operation of the elevator was for the benefit of Bluestein with his machinery (the elevator), did not present the issue of whose employee she was in operating the elevator, and inform the insurance carrier (appellant) that she was Bluestein's employee.

In the case of Gulf, C. & S. F. Ry. Co. v. Dorsey, 66 Tex. 148, 18 S.W. 444, 445, the plaintiff, Dorsey, was employed by one railway company to act as night switchman in a "union" yard, jointly kept and used by that company and two others. While performing his duty upon a train track of one of the latter companies, and because of some negligence of that company, he sustained a personal injury, there arose the question of which company he was an employee when he received his injury. The court held that a question of fact was raised to the effect that the injured party was an employee of not only the company that hired him, but in addition thereto, for the other companies for whose benefit the work was done. The court stated: "that relation between him and the other companies arises by inference from the service and the connection of the companies inter se."

In Baray v. Escobedo, Tex.Civ.App., 259 S.W. 1099, 1101, where a carpenter was making repairs on a building for the owner, in a suit growing out of an injury, the court said: "The evidence discloses that Meraz was repairing the building for its owner, Baray. The presumption thereupon arose that Meraz was appellant's servant, and it became incumbent upon appellant to rebut the prima facie case thus made by showing that Meraz was an independent contractor."

In the case of Sargent Co. v. Baublis, 215 Ill. 428, 74 N.E. 455, 456, the court said: "In this case the declaration is intended to show the relation of master and servant between the parties, but it contains no express allegation that the plaintiff was in the employ of the defendant or was its servant. The averments in that respect are that the defendant was in the business of operating a foundry in the city of Chicago, that in said business the plaintiff was employed as a laborer, that the plaintiff was directed by the defendant to use the grindstone in question in the grinding of certain articles called 'knuckles,' and that plaintiff did as he was directed, and was engaged in the grinding of said knuckles upon said grindstone when he was injured. It is insisted that these averments do not show the relation of master and servant, and it must be conceded that they only do so indirectly. A master is one who has the direction and control of another performing services for him, and, if one is subject to the orders and directions of another in the performance of services and duties, he is a servant. * * * We think the averments must be regarded, after verdict, sufficient to show the relation of master and servant and to create the duty alleged."

The pleading by Miss Franklin of the specific facts as to Bluestein owning the building wherein she operated the elevator; the ownership of the elevator; the purposes for which the elevator was operated; that she was the operator of the elevator; and that the elevator was operated to serve the owner of the building

(Bluestein), his employees, and customers, control the mere conclusions set forth in her petition that she was the employee of Vaughn, in the absence of any fact allegations connecting Vaughn with the building, its control or the ownership or operation of the elevator, or the right to operate or control same. Houston Printing Co. v. Hunter, Tex.Civ.App., 105 S.W.2d 312, 318, affirmed 129 Tex. 652, 106 S.W.2d 1043; Caven v. Hill, 83 Tex. 73, 18 S.W. 323; Massachusetts Bonding & Ins. Co. v. Roessler, Tex.Civ.App., 112 S.W.2d 275. Neither Miss Franklin nor Vaughn testified.

Under the above-plead facts, appellant could not justify its refusal to defend Miss Franklin's suit in the mere conclusion of the pleader that Miss Franklin was. the employee of Vaughn. It follows that the judgment should be affirmed, and it is so ordered.

Affirmed.