Marguerite Rom, Appellant, v. Alvin K. Gephart, Appellee.

Alvin K. Gephart, for the Use of Marguerite Rom, Appellant, v. Preferred Risk Mutual Insurance Company, Appellees.

Gen. No. 48,165.

First District, Third Division.

April 5, 1961.

Charles M. May, of Waukegan, for appellants.

Hinshaw, Culbertson, Moelmann & Hoban, of Chicago (Oswell G. Treadway, of counsel) for appellees.

MR. JUSTICE McCORMICK delivered the opinion of the court.

This appeal is taken by Marguerite Rom (hereafter referred to as the plaintiff) from an order of the Circuit Court of Cook County setting aside a default judgment in the amount of $50,000 obtained by her against Alvin K. Gephart, a minor (hereafter referred to as the defendant).

The suit brought by the plaintiff against the defendant arose out of an automobile accident which occurred on July 23, 1958. The defendant drove his automobile into the rear of a car driven by one Berta

Peterson, whose car in turn collided with the car in which the plaintiff was a passenger, and as a result thereof the plaintiff received personal injuries. At the time of the accident the Preferred Risk Mutual Insurance Company (hereafter referred to as the insurance company) was the insurer of Floyd Gephart, the father of the defendant, under a policy of automobile liability insurance which included as an insured the defendant. After the accident Floyd Gephart notified the insurance company, which investigated the facts and circumstances surrounding the accident, and in October the insurance company wrote letters to Floyd Gephart and to the defendant disclaiming liability on the ground that the accident was caused by an intentional act of the defendant which was outside of the coverage of the policy.

The plaintiff filed suit against the defendant and Berta Peterson. The complaint was in three counts, the second count setting up a claim against Berta Peterson. The first count was predicated upon the negligence of the defendant. The third count was a count alleging wilful and wanton conduct on the part of the defendant and also alleged that he intentionally drove his automobile against the automobile of Berta Peterson. Summons was served upon the defendant who failed to file any appearance or pleading in the case within thirty days after the date of the service. Thereupon the plaintiff procured an order from the court appointing Floyd Gephart as guardian ad litem of the defendant and allowing him thirty days within which to appear and plead. Notice of this appointment was served by the plaintiff upon Floyd Gephart and the defendant. The additional thirty days expired and no appearance had been filed either by Floyd Gephart or the defendant. The defendant was defaulted, the wilful and wanton count in the complaint was dismissed, and after an ex parte hearing on Decem-

202

ber 30, 1959 judgment was entered in favor of the plaintiff and against the defendant in the sum of $50,000. The default order entered by the court recited the minority of the defendant, the appointment of the guardian ad litem and the failure of either the defendant or the guardian ad litem to appear.

After the suit had been filed by the plaintiff against the defendant the insurance company filed in the Circuit Court of Cook County a complaint for declaratory judgment in which it set up the terms of the policy and the accident, and alleged that a suit had been filed by the plaintiff against the defendant and Peterson and that the insurance company had been called upon to defend the action on the part of the defendant and to assume the obligation to pay any compromise or judgment against the defendant in favor of the plaintiff. The complaint also alleges that the defendant intentionally drove his car from a stopped position so that it struck the car operated by Berta Peterson, which car collided with the car occupied by plaintiff, allegedly causing property damage and personal injuries, and the insurance company prays that since the policy excludes damages caused intentionally by or at the direction of the insured, one of whom was the defendant, the court should enter a judgment declaring the insurance company not to be liable under the terms of the policy for any defense or payment of any claims or judgments arising out of the accident or the action at law.

On February 1, 1960 the insurance company was served with a garnishment summons in the case, and on February 2, 1960 it notified the defendant and the guardian ad litem by letter that it was retaining a firm of attorneys to enter into the proceedings and to attempt to vacate the default judgment and defend the interests of the defendant until the rights under the policy should be determined in the declaratory

judgment suit. In that letter the insurance company specifically and distinctly stated that it was reserving all rights under the provisions of the policy as stated in the letter of disclaimer previously sent and stated further that it did not wish the letter to be construed that by affording the defendant this defense the insurance company waived any rights which it had under the policy. Thereupon on February 9, 1960 a motion was filed in the office of the clerk of the Circuit Court of Cook County, which motion stated, "Now comes the defendant, Alvin K. Gephart, a minor, by Hinshaw, Culbertson, Moelmann & Hoban, his attorneys . . . ," and in the motion the court was asked to open and vacate the default judgment and to give the defendant leave to appear and plead. The plaintiff had served on the insurance company interrogatories in the garnishment proceedings, to which the insurance company filed an answer. The plaintiff filed a reply.

The plaintiff on February 9, 1960 filed a motion asking the court to deny the petition of the Hinshaw firm to vacate the judgment, based upon the allegation that the said firm was employed by the insurance company and was not employed either by the defendant or the guardian ad litem. A hearing was held before the court on February 9, 1960, and at the beginning of that hearing Mr. Moelmann stated that he had been hired by the insurance company to defend the defendant, and in answer to a contention raised by the attorney for the plaintiff that he (Moelmann) was not representing the minor or the guardian, stated that this was a collateral issue. He further stated: "The defendant Alvin Gephart contends he is entitled to coverage under a policy of insurance. That policy of insurance entitles the insurance company to retain counsel to represent him. Now, there is a dispute as to coverage under that policy, which is the subject of litigation in

a declaratory judgment action pending in this court . . . . But we are coming in here under a reservation of rights notice and pursuant to the terms of that policy which he contends was in effect . . . ." The attorney for the plaintiff stated that Moelmann was not in court on a reservation of rights but that both he and the insurance company were in court on a complete disclaimer of liability. The letters of disclaimer of liability were introduced in evidence. In that hearing the guardian ad litem stated that neither he nor the defendant had retained the Hinshaw firm to represent him.

The hearing was continued and was resumed on April 8, 1960, at which time the guardian ad litem stated that he had on that day authorized Mr. Moelmann of the Hinshaw firm to represent the minor in attempting to vacate the judgment. He further stated that the insurance company had agreed to defend the suit on behalf of the minor defendant and that it had agreed to pay any attorney's fees which he had incurred to date. In a portion of the record which was not abstracted, Mr. Moelmann, in answer to a question by the court, said that the insurance company agreed to dismiss the declaratory judgment action in case the judgment against the minor was vacated. (The declaratory judgment action was still pending at the time the appeal was argued in this court.) The trial court, in asking further about the agreement on the part of the insurance company to pay the attorney's fees incurred by the guardian ad litem, observed that those fees were incurred because of the failure of the insurance company to defend the suit in reliance on the defense which it claimed under the policy. The court then asked the guardian ad litem if the insurance company now waived that defense, and he answered that it did. It was stated that the amount of the judgment was within the monetary coverage of

the policy. Mr. Moelmann then stated that the insurance company had conceded everything in order to get the judgment vacated, and the court thereupon set aside the judgment and dismissed the garnishment action against the insurance company. From that order of the trial court the plaintiff took the instant appeal.

In this court the firm of Hinshaw, Culbertson, Moelmann and Hoban filed an appearance for the defendant and for the insurance company. In the briefs filed in the instant case the Hinshaw firm contended that if the order of the trial court was sustained the insurance company still had the right to assert that the liability of the minor defendant, if any, is not within the coverage afforded by the policy, and on oral argument the same contention was made. After the case had been argued, at the request of this court Mr. May, counsel for plaintiff, and Mr. Treadway and Mr. Moelmann, of the Hinshaw firm, appeared before the court. Mr. Moelmann was the attorney who had appeared in the hearing in the trial court. Mr. Treadway had presented the oral argument before this court. After a discussion Mr. Moelmann stated that at the time of the second hearing in the trial court he had authority from the insurance company to waive its alleged defense of lack of coverage under the policy both as to its duty to defend the defendant and to pay any sum of money which might be due the plaintiff on account of the accident. Mr. Moelmann further explained that the plaintiff in her abstract had not included the entire discussion before the trial court, and the attorney from his firm handling the appeal had relied on the abstract and had not checked the record—consequently the variance in the positions taken by his firm in the trial court and in this court. Mr. Moelmann also stated that he would furnish for the files of this court a letter from the insurance company to the effect that

206

it had given him such authority and that any defenses which it might have claimed with reference to the non-coverage of the defendant were waived. Such a letter has been filed in this court.

 It is apparent that the insurance company, after the default judgment was entered, found itself in a very precarious position because of its failure to defend the suit brought against the minor defendant. In this State it is the law that where the cause of action stated is within the coverage provided by the policy it is the insurer's duty to defend, and that where the complaint states different causes of action or theories of recovery, one of which is within the coverage and others which may not be, the insurer is bound to defend the ones which would be within the coverage of the policy. Canadian R. & U. Corp. v. Indemnity Ins. Co., 342 Ill. App. 456, 97 N.E.2d 132; Kinnan v. Hurst Co., 317 Ill. 251, 148 N. E. 12. In the case before us the first count of the complaint fell within the coverage of the policy. Had the plaintiff recovered a judgment or had the insured made a settlement with the plaintiff, the insurance company, because of its failure to defend the suit, would have been estopped from asserting any defense as to payment based on non-coverage. Canadian R. & U. Corp. v. Indemnity Ins. Co., supra; Kinnan v. Hurst Co., supra; Brodek v. Indemnity Ins. Co., 292 Ill. App. 363, 11 N.E.2d 228; Bartkowski v. Commercial Cas. Ins. Co., 275 Ill. App. 497. Once the insurance company has elected to disclaim coverage under the policy it cannot withdraw that election without the consent of the insured. 45 C.J.S. Insurance, sec. 933.

██ ██ In this case the insurance company, by waiving any and all defenses which it had as to coverage, obtained the consent of the defendant, through his guardian ad litem, to represent him in the motion to set aside the judgment. Where the court has jurisdic-

tion of the subject matter and of the person, a judgment obtained against a minor, where no guardian ad litem had been appointed or where a guardian ad litem who had been appointed had so culpably failed to represent the minor in the action that judgment was entered, is voidable and may be set aside by appropriate proceedings. 27 I.L.P. Minors, sec. 84. Filing a petition under section 72 of the Civil Practice Act (Ill. Rev. Stat., chap. 110, par. 72) is now the appropriate method of asking to have such a judgment vacated. Before section 72 became a part of the law the relief could be had by a minor by a bill of review, a writ of error coram nobis, a petition for rehearing, an original bill for relief, or on a proper motion. 27 I.L.P. Minors, sec. 84; McCarthy v. Cain, 301 Ill. 534, 134 N. E. 62. In the latter case the court holds that the appointment of a guardian ad litem is not a mere formality and it is the duty of such guardian to call the rights of the minor to the attention of the court, to present their interests and claim for them such protection as under the law they are entitled. A guardian ad litem has a duty, as was stated in Stunz v. Stunz, 131 Ill. 210, 23 N. E. 407, "to examine into the case and determine what the rights of his wards are, and what defense their interest demands, and to make such defense as the exercise of care and prudence will dictate. He is not required to make a defense not warranted by law, but should exercise that care and judgment that reasonable and prudent men exercise, and submit to the court, for its determination, all questions that may arise, and take its advice, and act under its direction in the steps necessary to preserve and secure the rights of the minor defendants. The guardian ad litem who perfunctorily files an answer for his ward, and then abandons the case, fails to comprehend his duties as an officer of the court."

208

■ ■ The right to set aside a judgment lies within the sound discretion of the court. We find that the trial court exercised its discretion properly.

■ It is true that an insurance company, once having elected to disclaim its duty to defend a lawsuit, is estopped from changing its position without the consent of the insured. Witt v. Universal Automobile Ins. Co., 116 S.W.2d 1095 (Tex.). However, such estoppel cannot be invoked by the plaintiff, who has recovered a judgment against a defendant, to prevent the insurance company from changing its position and again entering the case, and in Rollins v. Bay View Auto Parts Co., 132 N. E. 177 (Mass.), the court says:

"The conduct of the insurance company had not been such with respect to the plaintiff as to estop it from exercising the power to enter upon the defense of the action he had brought against the defendant at any time it saw fit. Whatever may be the effect of the conduct of the insurance company as between itself and the assured, there is no estoppel in its relations to the plaintiff. The insurance company owed him no duty to defend his action against the defendant. Its failure to do so at the first affords him no ground for objecting to a later assertion of its rights. It was said in Boston & Albany Railroad v. Reardon, 226 Mass. 286, at page 291, 115 N. E. 408, at page 411:

" 'In order to work an estoppel, it must appear that one has been induced by the conduct of another to do something different from what otherwise would have been done and which has resulted to his harm and that the other knew or had reasonable cause to know that such consequence might follow. But the doctrine of estoppel is not applied except when to refuse it would be inequitable. "The law does not regard estoppels with favor, nor ex-

tend them beyond the requirements of the transactions in which they originate." '

"The record disclosed no facts of this nature."

Neither does the record here. The case before us is made much stronger because of the fact that the defendant against whom the judgment was rendered was a minor.

■ Once a garnishment summons has been served, the general rule is that the garnishee and the defendant cannot by any subsequent arrangement or understanding destroy or essentially modify a debt or claim which has been reached by the plaintiff. 38 C.J.S. Garnishment sec. 181b; Obergfell v. Booth, 218 Ill. App. 492. The action taken in this case does not fall within that rule. The protection of the rights of the minor is the paramount consideration of the court, and, as we have pointed out, in cases of this kind the breach of the insurance company of its contract works no estoppel in favor of the plaintiff.

■ The plaintiff has asked that the costs of this appeal not be assessed against her. The insurance company has taken varied positions in this case. Originally it disclaimed all coverage of the defendant under the policy. It subsequently changed its position in that it sought to hire attorneys to defend the defendant while still asserting its right to disclaim coverage as to the reimbursement of the insured defendant for any damages which he might be required to pay, and it persisted in such contention before this court. The agreement made in the trial court by the attorney hired by the insurance company to represent the defendant was not perfectly clear, but without such an agreement in the record it is very possible that, considering that it is the duty of this court, as well as that of the trial court, to protect the interests of the minor, the order vacating the judgment would not be sustained. At the second hearing in the trial court Mr. Moelmann was represent-

210

ing the minor. It is true that he was hired by the insurance company, but any statement made by him in court would not necessarily under those circumstances bind the insurance company. It is also very probable that had the insurance company's agreement to abandon its defense of want of coverage both as to the defense of the lawsuit and as to the payment of all monies which the insured might become bound to pay been clearly and properly expressed in the trial court, so that there was no doubt that the insurance company was bound thereby, no appeal would have been filed on the part of the plaintiff. Under all the circumstances in the case we think that it is only fair that the insurance company should pay for its vacillating and confusing tactics. The costs of this appeal are assessed against the Preferred Risk Mutual Insurance Company.

The order of the Circuit Court of Cook County is affirmed.

Affirmed.

SCHWARTZ, P. J. and DEMPSEY, J., concur.