Donald J. McFadyen and Marguerite P. McFadyen, Plaintiffs-Appellees, v. North River Insurance Company, an Insurance Corporation, Defendant-Appellant.

North River Insurance Company, an Insurance Corporation, Counter-Plaintiff-Appellant, v. Donald J. McFadyen and Marguerite P. McFadyen, Counter-Defendants-Appellees.

Gen. No. 65–17.

Second District.

August 31, 1965.

Thomas and Kostantacos, of Rockford (Peter C. Kostantacos and Kenneth W. Traum, of counsel), for defendant-counter-plaintiff-appellant.

Canfield, Canfield & Franks, of Rockford (Robert R. Canfield and Herbert H. Franks, of counsel), for appellees.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

This is an appeal from the Summary Judgment of the Circuit Court of the Seventeenth Judicial Circuit of Winnebago County, Illinois, entered on November 27, 1964, which found that there was no genuine issue as to any material fact in this action and granted recovery to the plaintiffs in the sum of $4,994.65.

The pertinent facts in this case are as follows: an action was brought against Donald J. McFadyen and Marguerite P. McFadyen for personal injuries inflicted by a dog to a minor child, Brett Daniels, while the dog was tied in the yard of the McFadyen home. At the time of the injury, the McFadyens were insured by the appellant, North River Insurance Company, under a homeowner's insurance policy then in full force and effect.

From the pleadings, the facts which bear on the question of notice of the accident and the subsequent claim for injury include:

The answer and affirmative defense directed toward the complaint states that the insurer did not receive "any notice . . . of . . . injury until on or about January 16, 1963"; the McFadyens answer this by alleging that the occurrence was September 4, 1962 but that it did not come to their attention until September 6, 1962, at which time they called Marshall Grans, an insurance agent who issued the policy, who then came and took a stenographic statement; and there is attached a letter from the purported manager of the insurer's Casualty Claims Department dated October 29, 1963 which in substance is as follows:

> Gentlemen: When the case of an alleged dog bite was called to our attention, the matter was investigated and the insured advised but due to the fact a business was being conducted on the property listed as "premises," a policy of insurance for liability would not be applicable. This policy does not cover business property and we refer you to the policy of insurance itself under the definition of "premises."
>
> We do not believe there was, at any time, any misunderstanding of that position and it was made clear to the insured.
>
> We are sorry that the outcome was, as you stated in your letter of October 24, but we must disagree with you as to the liability of the North River Insurance Company. Yours very truly, Signed by: A. R. Weimer Casualty Claims Department Manager.

The McFadyens' motion for summary judgment contained the allegations:

3.   That thereafter, during the month of January, 1963, the said insurance company stated that it refused to further consider the said claim against it and refused to in any way defend the plaintiffs here upon the said claim for the reason that it asserted that on the basis of its investigation of the evidence there was no coverage in the policy then issued by the defendant insurance company to the plaintiffs here.

These allegations were admitted by the answer of the insurance company. A counteraffidavit of Marshall Grans stated that he was notified by telephone on October 9, 1962 of the September 4th incident but was given no information except that he was told that McFadyen did not believe the dog in question was his.

The McFadyens defended the Daniels suit personally, the result of which was an adverse judgment of $4,000.   The McFadyens then brought this action against North River to recover the $4,000, together with accrued interest, costs and attorney's fees.   Summary judgment was entered for the McFadyens by the trial court.

North River argues that there are material factual issues to be decided in this case and, consequently, the McFadyens were not entitled to a judgment as a matter of law.   The material factual issues pleaded by North River are essentially centered upon the question of whether the *notice* provisions of the policy were complied with and whether there was concealment of the alleged business use within the exclusion provisions of the policy.   Reliance is placed upon those provisions in conjunction with:

"ACTION   AGAINST   COMPANY—COVER-AGE E: No action shall lie against this Company unless, as a condition precedent thereto, the In-

sured shall have fully complied with all the terms of this policy applicable to Section II. . . ."

It is the McFadyens' contention that the trial court properly found that the suit brought was within the terms of the policy and that there could be no material issue of fact as to coverage because the failure of an insurer to defend a suit against its insured estops it from asserting any defense as to payment of the claim based on noncoverage under the policy.

The policy contains:

"I COVERAGE E: PERSONAL LIABILITY.

(a) LIABILITY—To pay on behalf of the Insured all sums which the Insured shall be legally obligated to pay as damages because of bodily injury or property damage, and the Company shall defend any suit against the Insured alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; but the Company may make such investigation and settlement of any claim or suit as it deems expedient."

The complaint in the injury suit defended by the insured alleges that Brett Daniels was a child who resided with his family on premises adjacent to insured's premises and unobstructed by any fence; that on the date in question defendant owned a dog which, without provocation, attacked or injured the child while he was conducting himself peaceably and as a result, the injury occurred to his damage.

It is undisputed from the pleadings and affidavits in this case that the North River Insurance Company investigated the matter and advised the insured that "due to the fact that a business was being conducted

on the property listed as 'premises' the policy was considered inapplicable."

The case of Sims v. Illinois Nat. Cas. Co., 43 Ill App2d 184, 193 NE2d 123 (1963) lends support to the McFadyens' position. In Sims there was a garnishment action against an insurer of an automobile owner in whose automobile a passenger was injured. The liability insurer failed to defend the suit against its insured and in the subsequent garnishment suit it was held that the insurer was estopped from pleading the defense that at the time of the occurrence the passenger was an employee of the insured and therefore not covered under the policy. The court approved the following language of Brooklyn & Queens Allied Oil Burner Serv. Co. v. Security Mut. Ins. Co., 27 Misc2d 401, 208 NYS2d 259 (1960):

> "It is well settled that it is the obligation of the insurer to defend an action brought against its insured where the complaint in that action alleges a state of facts within the coverage of the policy, irrespective of the ultimate liability of the insured. (Citing cases.) Moreover, even where it appears, as here, that the complaint in such an action does not state facts with sufficient definiteness to clearly bring the case within or without the coverage of the liability policy, the insurer is nonetheless obliged to defend the action if there is, potentially, a case under the complaint within the coverage of the policy; or, stated in other words, where there is doubt as to whether or not the allegations of the complaint in the action against the insured state a cause of action within the coverage of the policy sufficient to compel the insurer to defend the action, such doubt will be resolved in favor of the insured (citing cases). The fact that the insurer is

possessed of information, whether obtained from its insured or from other sources, which may show the claim against the insured to fall outside the coverage of the policy is, in this regard, of no consequence. (Citing cases.)"

It is clear that the Sims case views as irrelevant to the issue even the most clear cut evidence of information concerning noncoverage based on provisions or exclusions in the policy. The prior breach by the insurer of its promise to defend the insured estops the insurer from insisting that the insured be bound by the coverage provision of the policy. The insurer's duty to defend arose when it appeared from the allegations in the personal injury complaint that the injury was within coverage of the policy. Later information pointing to a contrary conclusion does not relieve the insurer of this duty to defend. The duty to defend is considered broader than this duty to pay. Goldberg v. Lumber Mut. Cas. Co., 297 NY 148, 77 NE2d 131 (1947). In the latter case the New York Court of Appeals held that summary judgment for expenses of defense should have been granted on the insured's motion even though its investigation disclosed that the accident occurred when the insured was no longer on the premises, a fact which was found by the jury in the injury case.

North River Insurance Company argues that it has the right to litigate the question of whether it unjustifiably refused to defend the insured. But under the language of the Sims case this is incorrect. The insurer's duty to defend is predicated not upon information in its possession which indicates or even proves noncoverage. Rather, it is predicated upon the allegations in the complaint in an action brought against the insured and when such allegations state facts which bring the case within, or potentially within, the cover-

age of the policy, the insurer is from this time on unjustified in not defending the insured. North River Insurance Company argues that Gould v. Country Mut. Cas. Co., 37 Ill App2d 265, 185 NE2d 603, is authority for the proposition that it is not bound by the prior action on the issue of coverage. But in the Gould case the court affirmed the summary judgment granted by the trial court and held that the insurer was bound by the record of the prior suit against the insured. The insurer was not permitted to litigate the issue of coverage under the exclusionary clauses.

■ Any language in the Gould case which has been quoted for the position that the insurer is not estopped from litigating policy coverage must be read in context with the holding of the court, and the authorities relied upon. Both the Gould and Sims cases and the authorities upon which the courts rely in those cases appear to set forth a guideline here: if the insurer has notice of an action against the insured with respect to liability which the injury claim shows to be covered by the policy, a judgment will be conclusive whether the insurer defends or not. If the policy measured against the claim for injury does not, by its terms, afford coverage, or if there is no policy in effect at all, or if the company has not been afforded an opportunity to defend, in those situations the company is not estopped from asserting policy exclusionary defenses by its refusal to defend.

■ The purpose of the policy provision requiring the insured to give the insurer prompt notice of an accident is to give the insurer an opportunity to make a timely and adequate investigation of all of the circumstances of the injury claim. 18 ALR2d 443, 447. Here the denial of liability and refusal to tender a defense was essentially on grounds other than that of the inability to make an adequate investigation and time to properly defend.

171

Under such circumstances, the insurer can, without injustice, be required to assert its exclusionary policy defenses in the manner set forth in Sims.

██ ██ The effect of the insured suffering a judgment against him where the insurer fails to defend the suit is that the insurer is estopped from asserting any defense as to payment based on noncoverage. Kinnan v. Charles B. Hurst Co., 317 Ill 251, 148 NE 12 (1925); Brodek v. Indemnity Ins. Co. of North America, 292 Ill App 363, 11 NE2d 228 (1937). North River Insurance Company complains that it would be unjust and unfair to thrust upon it the burden of insuring against risks arising from commercial activity when it only agreed to insure the premises for residential use. The insurer by its own conduct has placed itself in a position which denies to it its essential defense in this action. As stated in the Sims case:

> In passing it might appear that the result reached announces a harsh rule so far as insurers are concerned. However, all authorities agree that quite often an insurer is faced with a dilemma as to whether to defend or to refuse to defend. In cases of doubt the answer is simple. It can (1) seek a declaratory judgment as to its obligations and rights or (2) defend under a reservation of rights.

Finally, North River Insurance Company argues the inapplicability of automobile liability cases to a homeowner's insurance liability case. The distinction sought to be drawn is not convincing. No public policy interest demands a greater protection to those injured on the highways over and above those injured on home premises. The number of injuries in the home is stag-

gering and of serious public concern. A person injured in a home accident rather than upon the highway could not be less favored by the law. The exhaustive annotations in 49 ALR2d 694, supplemented in 50 ALR2d 458 and in the ALR Supplement Service, make no distinction between automobile and other casualty cases.

The decision of the trial court granting the motion for summary judgment is affirmed.

Judgment affirmed.

ABRAHAMSON and MORAN, JJ., concur.