**STERN, WALTER & SIMMONS, INC.,**
**an Illinois corporation, Plaintiff,**

**v.**

**SEABOARD SURETY COMPANY, a for-**
**eign corporation, Defendant.**

**No. 69 C 109.**

United States District Court
N. D. Illinois, E. D.

Jan. 8, 1970.

———◆———

Harold Huff, Rupert J. Groh, Jr., Richard C. Bartelt, Wildman, Harrold, Allen & Dixon, Chicago, Ill., for plaintiff.

Don H. Reuben, Michael W. Coffield, Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

NAPOLI, District Judge.

This action was brought by Stern, Walter & Simmons, an advertising agency, against its insurer, Seaboard Surety Company, to recover amounts it was forced to expend in defending and settling two law suits. The plaintiff asserts that the claims against it were within the policy coverage and that the defendant wrongfully failed to defend. Seaboard denies liability and the parties have filed cross motions for summary judgment. The facts are not in dispute.

The action arises out of an insurance policy issued to the plaintiff by Seaboard covering, among other things, liability for libel, slander, defamation and invasion of privacy. Stern, Walter & Simmons prepared a presentation as part of a successful effort to obtain the account of the United States Suzuki Motorcycle Corporation. The presentation included a photograph of two female models seated on a Suzuki Motorcycle on which was superimposed the legend "You Get More Nookie on a Suzuki." This photograph was distributed to certain officers and agents of the prospective client. A copy of the print was somehow obtained by a California firm who solicited Suzuki dealers to purchase the picture for advertising purposes and for sale to the public.

As a result of these facts the two models who posed for the photograph brought suits against Stern, Walter & Simmons alleging that the publication of the photograph with the inscription tended to expose them to public contempt and disgrace, tended to injure their reputation and show a want of chastity and to impeach their honesty, integrity and virtue "by reason of its smutty and pornographic implication and innuendoes; all of which conduct of the defendants was done in deliberate and malicious violation of [their] right of privacy." The plaintiff made demand upon Seaboard to defend these actions and Seaboard refused. This action was brought to recover the plaintiff's costs in defending and settling the claims against it and for reasonable attorney's fees in this suit.

The indemnity and service provisions of the policy state as follows:

1. To indemnify the Insured against loss from the liability imposed on him by law, or assumed by him under contract as defined herein, as the result of any final judgment for money damages resulting from

(a) libel, slander, defamation or

(b) any infringement of copyright or of title or of slogan or

(c) piracy, or unfair competition or idea misappropriation under implied contract or

(d) any invasion of rights of privacy committed or alleged to have been committed in any advertisement, publicity article, broadcast or telecast and arising out of the Insured's business of Advertising Agents.

2. To defend, in the name and on behalf of the Insured, any suit seeking damages for any of the above causes, even if such suit is groundless, false or fraudulent. The Company shall have the right to make such investigation, negotiation and settlement of any claim or suit as it may deem expedient, or may permit the Insured to

make any such investigation, negotiation and settlement as may be approved by the Company in writing.

■ The plaintiff contends that under Illinois law, which is applicable here, if an insurer fails to defend an action stating a claim covered by its policy, it is in breach of its contract and liable for damages resulting therefrom including the amount of any judgment or settlement and the cost of the defense. This is true even if it becomes apparent from matter outside the complaint against the insured that coverage is excluded by some other clause of the policy. George H. Wolff Sons, Inc. v. Aetna Casualty & Surety Co., 286 F.2d 862 (7th Cir. 1961); Palmer v. Sunberg, 71 Ill.App.2d 22, 217 N.E.2d 463 (1966); Stein v. Lindquist, 69 Ill.App.2d 340, 217 N.E.2d 438 (1966); McFadyen v. North River Ins. Co., 62 Ill.App.2d 164, 209 N.E.2d 833 (1965); Sims v. Illinois National Casualty Co. of Springfield, 43 Ill.App. 2d 184, 193 N.E.2d 123 (1963); Gould v. County Mutual Casualty Co., 37 Ill. App.2d 265, 185 N.E.2d 603 (1962); Rom v. Gephart, 30 Ill.App.2d 199, 173 N.E.2d 828 (1961). Perhaps the most concise statement of this rule is found in McFadyen v. North River Ins. Co., *supra,* 62 Ill.App.2d at 170–171, 209 N. E.2d at 836:

> The insurer's duty to defend is predicated not upon information in its possession which indicates or even proves non-coverage. Rather, it is predicated upon the allegations in the complaint in an action brought against the insured and when such allegations state facts which bring the case within, or potentially within, the coverage of the policy, the insurer is from this time on unjustified in not defending the insured.

■ This doctrine does not dispose of the issue before this Court. The defendant relies on an exclusionary clause of the policy, arguing that the allegations of the complaints charging deliberate and malicious conduct take the claims outside the coverage of the policy.

That portion of the policy states as follows:

A. This policy does not cover liability for:

* * * * * *

9. Any claim, suit or action brought against the Insured because of an act committed by that Insured with knowledge that the same constituted any of the hazards insured by this policy

This clause presents some difficulty since at least several of the hazards supposedly covered by the policy are intentional torts which include the elements of knowledge or malice, actual or implied in law. It is clear that the term knowledge as used in the exclusionary clause can not have the same meaning as that which would be necessary to establish the hazards insured. If it were, the exclusionary clause would be inconsistent with the indemnity provisions and Seaboard would never be required to defend or indemnify the plaintiff for liability arising out of the hazards enumerated in the policy. This Court need not decide what the precise meaning of the clause must be since it is sufficient to note that knowledge as there used can not be coextensive with the knowledge or malice requirements of the torts insured against.

The question then is whether an allegation of intentional or malicious conduct in a complaint against the insured entitles the insurer to refuse to defend. This Court is of the opinion that it does not. Any well drawn complaint for libel, slander, defamation or even invasion of privacy will invariably include an allegation of willful or malicious conduct. If that allegation entitled the insurer to walk away, this policy would insure practically nothing. The situation would be different if Seaboard defended under a reservation of right or brought a declaratory judgment action to establish no liability. Then the question would be the construction of the exclusionary clause and fact issues arising under the construction. However, the obligation to defend is broader than the

obligation to indemnify. Since we have decided that knowledge as used in the exclusionary clause, if meaningful at all, must be more strictly interpreted than knowledge as an element of the hazards insured, the allegation of deliberateness or maliciousness in the complaint against the insured did not necessarily allege fact outside the coverage of the policy and did not justify Seaboard's refusal to defend. If the actions against the insured had gone to trial, the evidence may have indicated that the insured's conduct fell within a reasonable construction of the exclusionary clause. However, this fact could not and should not be determined on allegations of the third parties' complaints, in this situation, and the doubt thus created must be resolved in favor of the insured, requiring the insurer to defend.[1]

■ The defendant also argues that public policy requires it be absolved from any liability to indemnify the plaintiff for loss resulting from what the defendant characterizes as "an attempt at a dirty joke." The Court will only point out that the issue here is the defendant's duty to defend and not what its liability would have been had it not breached its contract on that point. In view of what has been said previously, regarding the apparent conflict in the terms of the policy, the insurer may not point an accusing finger and depart. It has contracted to insure the plaintiff against defamation and invasion of privacy and will not be heard to complain when a claim sounding in those torts has been stated against its insured. Since it has not been judicially determined that

the plaintiff was liable for an invasion of privacy and considering the character of advertising generally in today's commercial world, this Court is unwilling to hold as a matter of law that the photograph and inscription are so offensive to public policy that the insurance contract must be voided.

Finally, the defendant contends that the photograph was not advertising within the coverage of the policy. The insurer's construction of the term is unpersuasive but that question is irrelevant to the issue here since it is matter outside the complaint against its insured and therefore not to be considered in determining whether there exists an obligation to defend.

■ The damages recoverable by the plaintiff here include the amount of the settlement and the amount expended in defending the actions against it. Sims v. Illinois National Casualty Co. of Springfield, supra, 43 Ill.App.2d at 194, 193 N.E.2d 123. The affidavit of the plaintiff's president states that those amounts total $12,930.66. The defendant has not questioned this figure. The plaintiff also seeks its attorney fees in this action upon a finding under 73 Ill. Rev.Stat. § 767 that the defendant's failure to defend was vexatious and without reasonable cause. This portion of the relief requested will be denied. It is the opinion of this Court that the question was not so clear-cut that bad faith must be implied.

For the reasons stated above, judgment will be entered in favor of the plaintiff and against the defendant in the amount of $12,930.66.

1. Some courts in related situations have drawn a distinction between allegations of fact and conclusions of the pleader, holding that an allegation of fact in the complaint against the insured, which, if true, would take the matter outside the policy coverage, justifies the insurer in refusing to defend but a conclusionary allegation to the same effect would not. See Alm v. Hartford Fire Ins. Co., 369 P. 2d 216 (Wyo.1962); Commercial Casualty Ins. Co. v. Tri-State Transit Co. of Louisiana, 190 Miss. 560, 1 So.2d 221, 133 A.L.R. 1510 (1941); Travelers Ins. Co. v. Reed Co., 135 S.W.2d 611 (Tex. Civ.App.1939); Travelers Ins. Co. v. Bluestein, 149 S.W.2d 252 (Tex.Civ.App. 1941); Massachusetts Bonding & Ins. Co. v. Roessler, 112 S.W.2d 275 (Tex. Civ.App.1937), 50 A.L.R.2d 458, 511. Although allegations of maliciousness and deliberateness may well be conclusions of the pleader, the distinction can be difficult to apply and it does not appear that the issue has been presented in Illinois.