GEORGE H. WOLFF SONS, INC., a corporation, and Leaf Brands, Inc., a corporation, Plaintiffs-Appellees,

v.

AETNA CASUALTY AND SURETY COMPANY, a corporation, and Employers Mutuals of Wausau (Employers Mutual Liability Insurance Company of Wisconsin) a corporation, Defendants, The Aetna Casualty and Surety Company, a corporation, Defendant-Appellant.

No. 13116.

United States Court of Appeals Seventh Circuit.

Jan. 12, 1961.

Rehearing Denied March 20, 1961.

Thomas J. Weithers, Joseph H. Hinshaw, John M. Moelmann, Oswell G. Treadway, Chicago, Ill., for Aetna Casualty and Surety Company.

L. H. Vogel, Harold W. Huff, Robert B. Johnstone, Chicago, Ill., for Leaf Brands, Inc., plaintiff-appellee.

Before HASTINGS, Chief Judge, and DUFFY and CASTLE, Circuit Judges.

DUFFY, Circuit Judge.

This is an action for a declaratory judgment brought by George H. Wolff Sons, Inc. (Wolff) on a policy of automobile comprehensive liability insurance issued by The Aetna Casualty and Surety Company (Aetna), and a general liability insurance policy issued by Employers Mutuals of Wausau (Employers). Leaf Brands, Inc. (Leaf Brands) was granted leave to join as a plaintiff.

Jean Rutkowski was an employee of Leaf Brands. She claims that on August 20, 1958, while leaving her place of employment, she slipped on a public sidewalk in front of her employer's premises when she stepped on some oil, and that by reason thereof she received serious personal injuries.

Jean Rutkowski filed an action in the Circuit Court of Cook County in which

she asked damages against Wolff of $100,000. She likewise claims damages against Leaf Brands.

Leaf Brands claims that it is covered as to the accident of Jean Rutkowski under the Aetna policy. Wolff tendered the defense of the claim by Jean Rutkowski to both Aetna and Employers and each of them refused to defend on the ground the claim was not within the coverage of its respective policy. Leaf Brands tendered its defense to Aetna but again, and for the same reason, Aetna refused the defense.

The District Court entered a declaratory judgment in which it declared that Aetna must defend Wolff and Leaf Brands in the pending Rutkowski suit, and that Employers must also defend Wolff in that action. Only Aetna appealed.

The District Court concluded that since the Rutkowski complaint did not exclude the imposition of liability upon the theory that the alleged injury to Jean Rutkowski was sustained in the course of unloading the insured's truck, Aetna was obliged to afford a defense to both Wolff and Leaf Brands. The Court also concluded that since the complaint did not exclude the imposition of liability upon the theory that the occurrence resulting in the alleged injury to Jean Rutkowski occurred after the unloading operation had been completed, Wolff was also entitled to a defense from Employers.

Aetna insists the trial court erred by failure to declare that Aetna's coverage did not extend to either Wolff or Leaf Brands, and that Aetna owed no duty to defend either Wolff or Leaf Brands in the Rutkowski suit.

Aetna introduced evidence in the District Court over the objection of Wolff and Leaf Brands as to the manner in which Jean Rutkowski was injured. Aetna claims it was thus clearly proved that ultimate liability does not rest upon it.

We do not agree. Jean Rutkowski was not a party to the trial below. At the trial of her case, she might introduce additional or even contrary testimony. In these days of liberal amendments to pleadings and the right to seek relief in the alternative, we cannot, at this time, reach a definite judgment as to the outcome of the Rutkowski case in the Circuit Court of Cook County.

Paragraph 6 of the Rutkowski complaint alleges, "Plaintiff further says that on * * * the 20th day of August, A.D., 1958, and before that the said Defendant, George H. Wolff Sons, Inc., a corporation has made deliveries of oil to the said Defendant Leaf Brands, Inc., a corporation, and so carelessly, negligently * * * handled its delivery of said oil, so, that it spilled large quantities of oil upon said sidewalk making the sidewalk so unsafe for pedestrians * * *."

It must be assumed that plaintiff may be able to prove the allegation of her complaint. We think it is clear the Rutkowski complaint did not exclude a basis of recovery for which Aetna would be liable. Sears, Roebuck & Co. v. Travelers Insurance Company, 7 Cir., 261 F.2d 774. We hold Aetna was under a contract obligation to defend both Wolff and Leaf Brands.

Aetna relies on Brodek v. Indemnity Ins. Co. of North America, 292 Ill.App. 363, 11 N.E.2d 228. However, in that case the court stated, "If a plaintiff alleges in his pleadings that he is entitled to recover upon a ground of liability covered by the policy, then of course the defendant's insurance carrier must defend the suit; it cannot avoid that duty by determining upon its own investigation that the ground of liability alleged cannot be substantiated." 292 Ill.App. at page 384, 11 N.E.2d at page 237.

The declaratory judgment entered in the District Court is correct and must be and is

Affirmed.