The TRAVELERS INDEMNITY COM-
PANY, a corporation, Plaintiff-
Appellee,

v.

STANDARD ACCIDENT INSURANCE
COMPANY, a corporation,
Defendant-Appellant.

No. 14156.

United States Court of Appeals
Seventh Circuit.

Jan. 8, 1964.

As Amended on Denial of Rehearing
April 17, 1964.

Jerome M. Brooks and Gilbert Gordon, Chicago, Ill., for appellant.

David Jacker, John W. Kearns, Jr., Bernard E. Harrold, Chicago, Ill., Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., of counsel, for appellee.

Before CASTLE, KILEY and SWYGERT, Circuit Judges.

KILEY, Circuit Judge.

This diversity action presents the question whether the district court had jurisdiction to enter a judgment declaring that the Standard Accident Insurance Company had the duty to defend the Travelers Indemnity Company's insured, Hoe Sai Gai Restaurant Company, as an additional insured under the Standard policy insuring Lanzarotta "et al." We think it did not have jurisdiction.

Hoe Sai Gai operated a Chicago restaurant to which Lanzarotta delivered produce. Lanzarotta, through servants, drove a truck to the curb in front of the restaurant and delivered the produce to the restaurant basement by means of an elevator which had doors laid in the sidewalk. A pedestrian fell through the elevator opening into the basement, was injured, and brought the suit from which the case at bar developed.

Hoe Sai Gai tendered defense to Travelers, its general liability insurer, whose attorneys filed an answer to the personal injury suit. Hoe Sai Gai and Travelers tendered defense to Standard which refused. Travelers brought this diversity action to which Hoe Sai Gai is not a party.

Travelers' theory is that Hoe Sai Gai was "legally responsible" for the "unloading" of Lanzarotta's truck, therefore using the truck, as "use" is defined in Standard's policy, and was an unnamed additional insured on Lanzarotta's policy.

By the terms of both the Travelers and the Standard policies both companies are bound "to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury * * * sustained by any person caused by accident * * ;" and each insurer is bound to "defend any suit against the insured" in cases covered by the policy "for bodily injury liability." Both policies contain nearly identical "pro rata" "Other Insurance" clauses.[1]

Before the district court the parties stipulated that this action involves "a matter of actual controversy." Neither party questioned the validity of this stipulation on briefs, or before the trial court. None of this, however, precludes this court from uncovering fatal jurisdictional defects.

We think the district court had no jurisdiction because there was no "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941). This declaratory judgment suit is not "appropriate for judicial determination." Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240, 57 S. Ct. 461, 81 L.Ed. 617 (1937).

In Haworth and Pacific Coal, insurers were suing their insureds, but in the latter, Orteca, a damage plaintiff against the insured, was joined with the insured in the declaratory judgment action by the insurer. The Court, on the authority of Haworth, decided there was an actual controversy between the insurer and insured. It decided too that the insurer's· suit against Orteca was not "too remote" for decision. The reason for this holding was the possible anomaly, otherwise, of Orteca succeeding in his damage suit and then successfully proceeding on his judgment, under Ohio law, against the insurer who might be found not obligated under the policy in the declaratory judgment action. This policy decision strengthens the rule of jurisdiction which declares the futility of declaratory judgment action unless a real party in interest is before the court.

This rule was applied by the Third Circuit in Nationwide Mut. Ins. Co. v. Fidel-

---

**†. The clause in Travelers' policy provides:**
"If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss."

ity & Cas. Co., 286 F.2d 91, 92–93, (3d Cir.1961), where one insurance company sought declaratory judgment of nonliability against the other companies. The court held that it was "not a proper case for a declaratory judgment," for if the court "told the insurance companies their respective rights and duties against each other" it "certainly would be giving an advisory opinion." The suit was dismissed. The companies who were the sole parties to the action were insurers of defendants in a personal injury action, as here. There, Judge Goodrich, writing for the court, said:

> "Each of the insurance companies has issued an insurance policy. It is called upon under the terms of that policy to defend its insured if action is brought against him. Such actions have been brought. It is impossible for us to say in this action where the insureds are not parties that any company is relieved of its duty to defend."

The court there cited American Fidelity & Cas. Co. v. Pennsylvania T. & F. Mut. Cas. Ins. Co., 280 F.2d 453 (5th Cir. 1960). Although in American Fid. & Cas. the insureds as well as the insurers were in suit, the Fifth Circuit's dictum indicates that that circuit would most likely, in a case like that before us, or as in Nationwide, decide as we do and the Third Circuit did.

■ Hoe Sai Gai is not in suit. Its tender of defense, with the insurer, to Standard did not bring it before the district court so as to bind it by a judgment. In reality the suit between the insurers is about defending Hoe Sai Gai's interest in the damage suit. Travelers contracted with Hoe Sai Gai to defend it, and it is entitled to have the defense unless it decides otherwise. Presumably Hoe Sai Gai, in selecting Travelers as insurer, wanted it, not Standard, to defend it.

The contract relationship between Hoe Sai Gai and Travelers is personal, and Travelers has no right, certainly not without Hoe Sai Gai's presence to protect its contract right, to have the court declare Travelers absolved from the contract duty. American Fidelity & Cas. Co. v. Pennsylvania T. & F. Mut. Cas. Ins. Co., 280 F.2d 453, 459–460 (5th Cir. 1960).[2]

Judge Yankwich in Maryland Cas. Co. v. Hubbard, 22 F.Supp. 697, 702 (S.D. Cal.1938), held that there was a justiciable controversy in a case between insurers because though their policies did not establish "a direct contractual relationship" between them the insurers are "interrelated" and "may end in an obligation towards each other." The "preventive character" of declaratory judgments "permits the adjudication of the relationship between the two insurers."

The case is distinguishable from the one at bar because the insurer had no duty to defend if the insured was covered by "other insurance"; and furthermore the insured was a party. The result would therefore be res judicata as to him in any subsequent proceeding. No such res judicata effect could be given to the judgment which Travelers is seeking.

■ Travelers has the obligation both to defend Hoe Sai Gai and to pay any damages for which Hoe Sai Gai might be liable. Under its policy, Travelers becomes subrogated to the rights of Hoe Sai Gai "in the event of any payment" against any other insurer whose policy would cover Hoe Sai Gai. Under Illinois law, when an insured is covered under two separate policies, the insurer providing the defense to an action covered under both policies is entitled to contribution for the expenses of defending the action from the other insurer. Fireman's Fund Indem. Co. v. Freeport Ins. Co., 30 Ill.App.2d 69, 173 N.E.2d 543

---

2. We agree with Judge Brown that because "the duty to defend * * * is personal to the relationship of this insurer and this assured," and that no matter what right of contribution the insurer may have ultimately by way of subroga-

tion, "it is contrary to the very nature of the contract that the insurer can scout around in hopes that it can find someone whose defense the assured is compelled to accept." American Fidelity & Cas. Co., 280 F.2d at 459–460.

(1961). The right to contribution for expense of defending the insured is not the same as absolving Travelers from its obligation to provide a defense.

■ Besides asking the court to declare that Standard has the duty to defend Hoe Sai Gai, Travelers also asked that the court declare that Standard is obligated to "pay all sums which may be adjudged against Hoe Sai Gai Restaurant Co." in the personal injury action. This issue, before judgment has been reached in the personal injury action, is purely speculative and therefore not proper for decision in this declaratory judgment action. Nationwide Mut. Ins. Co. v. Fidelity & Cas. Co., 286 F.2d 91, 92 (3d Cir.1961), American Fidelity & Cas. Co. v. Pennsylvania T. & F. Mut. Cas. Ins. Co., 280 F.2d 453, 461 (5th Cir. 1960).

The judgment is vacated, and the cause remanded to consider further proceedings under 28 U.S.C. § 1447(c), or further proceedings not inconsistent with this opinion.

SWYGERT, Circuit Judge (concurring).

I agree that the judgment below should be reversed with direction to dismiss the action.

Travelers, at this stage, is not a subrogee of its insured, Hoe Sai Gai. Until it furnishes a defense or pays out money in satisfaction of the claim of Ferguson, the injured party, it has no standing as a subrogee. Therefore, the question is pertinent: What right does Travelers have to insist that Hoe Sai Gai be declared an additional insured of Standard? The answer is, none.

If Hoe Sai Gai were the plaintiff who was seeking a defense and additional insurance protection from Standard, it would have standing as a third-party beneficiary of the contract between Standard and Lanzarotta. This is the feature distinguishing the instant case from George H. Wolff Sons, Inc. v. Aetna Casualty & Surety Co., 286 F.2d 862 (7th Cir.1961). In that case, both the named insured and the store owner, corresponding to Hoe Sai Gai, were plaintiffs in the declaratory action.