**COURTESY CHEVROLET, INC., a corporation, Appellant,**

**v.**

**TENNESSEE WALKING HORSE BREEDERS' AND EXHIBITORS' ASSOCIATION OF AMERICA, a corporation, Appellee.**

**No. 21702.**

United States Court of Appeals
Ninth Circuit.

April 16, 1968.

Rehearing Denied May 23, 1968.

Guy E. Ward (argued), of Ward & Heyler, Beverly Hills, Cal., for appellant.

John J. Hooker, Nashville, Tenn., (argued), Dwain Clark, Danielson, Johnson & Clark, Los Angeles, Cal., for appellee.

Before BARNES, HAMLIN and KOELSCH, Circuit Judges.

PER CURIAM:

This case is before us for the second time (See 9 Cir., 344 F.2d 860). On trial, the district court found that defendant-appellee, the Tennessee Walking Horse Breeders' and Exhibitors' Association of America, a corporation, had violated sections 1 and 2 of the Sherman Act (15 U.S.C. §§ 1 and 2), and had injured plaintiff-appellant, Courtesy Chevrolet, Inc., a corporation, in the sum of $3,400, trebled to $10,200. The trial court awarded $5,000 attorneys' fees and costs taxed at $4,603.92. Somewhat extensive injunctive relief was also ordered.

The corporate plaintiff-appellant entered into the business of breeding, raising and training Tennessee Walking Horses in 1962, investing some $711,-218.70 in facilities for such an operation prior to July 13, 1963. The district court found that on that date the defendant Association arbitrarily and unreasonably suspended plaintiff's membership in the Association and published notice of this action in the defendant's Bulletin. The registration of horses, the transfer thereof, and the showing of plaintiff's horses before judges of the Association, all were denied plaintiff; and colts sired by one or more of plaintiff's stallions were denied registration.

In the first year of plaintiff's operations, 1962, plaintiff lost some $10,000. In the second year of operations, the loss was $13,199 in the first six months, and in the last six months (after the suspension of membership) plaintiff's losses amounted to $9,406 (Ex. B). When applications for registration were made by plaintiff for three foals after July 13, 1963, they were denied, as were certain applications for registration forwarded by persons not associated from plaintiff but owning mares with colts sired by a stallion owned by plaintiff.

Finding 41 was that plaintiff lost, by reason of defendant's suspension and re-

fusal to register, seventeen stud fees for the year 1964, at $200 each. This was the basis of plaintiff's damages for 1964 of $3,400. The trial court then found (Finding 42), "The evidence of other damage to plaintiff is too indefinite and speculative to permit the court with any degree of certainty to estimate the amount thereof."

This last finding of fact is assigned as error; the award of damages is claimed to be inadequate and contrary to the evidence; and the attorneys' fees awarded are claimed to be inadequate as a matter of law, contrary to the evidence, and based on an incorrect theory of the law.

After careful review of the record in the case and due consideration of the briefs and oral arguments of the attorneys, we are unable to say that the findings of fact of the district court and its conclusions of law thereon are clearly erroneous in respect to the award of $10,200, although the compensation allowed seems quite low in the circumstances.

But we are of the opinion and so hold that, where the statute requires allowance of "a reasonable attorney's fee," the trial court abused its appropriate discretion in allowing the attorneys for the plaintiff-appellant an inadequate award of but $5,000 in attorneys' fees for their excellent professional services. The successful prosecution of plaintiff's suit required learning, skill and experience in the specialized field of litigation involved (Finding 46), and the expending of a tremendous amount of time and labor by the attorneys. At the hearing held upon the issue of appropriate attorneys' fees it was proved by uncontroverted testimony that plaintiff's attorneys, subsequent to the last appeal, had devoted a total of 2,289 hours exclusively to this litigation (Finding 45). Both plaintiff's and defendant's counsel were found to have outstanding reputations at the bar (Finding 44).

Findings 49 and 50 read: "It is obvious that counsel has done a prodigious amount of work in presenting this case," and "Plaintiff has expended $78,496.40 in attorneys' fees, travel expense and other out of pocket expenses." A highly respected and competent member of the Los Angeles Bar estimated reasonable attorneys' fees for plaintiff in this case at $140,000 to $150,000.

It is true that the court considered, and properly considered, that a large portion of the relief granted was of an injunctive nature.

While the allowance of reasonable attorneys' fees is always a matter of delicacy—either when billed by the attorneys themselves or when fixed by the courts—the object always, of course, is to allow fair and just compensation for the services rendered, considering the time and skill employed, the experience brought to bear, and the results achieved. In the light of these considerations, we think a minimum fee, to the attorneys for the appellants in this case, should have been $10,000.

Accordingly, the judgment of the district court is reversed in this aspect alone; and in all other aspects is affirmed. The cause is remanded with directions that the district court enter judgment in favor of appellant for attorneys' fees, and against defendant, in the sum of $10,000.