Shirley LEA et al., Appellants,

v.

CONE MILLS CORPORATION, a corporation, Appellee.

No. 71–1852.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 4, 1972.

Decided Sept. 11, 1972.

Robert Belton, Charlotte, N. C. (J. LeVonne Chambers, and Chambers, Stein, Ferguson & Lanning, Charlotte, N. C., and Jack Greenberg, William L. Robinson, and Harriett S. Rabb, New York City, on brief), for appellants.

Thornton H. Brooks, Greensboro, N. C. (C. Allen Foster, and McLendon, Brim, Brooks, Pierce & Daniels, Greensboro, N. C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, WINTER, Circuit Judge, and YOUNG, District Judge.

HAYNSWORTH, Chief Judge:

An award of attorneys' fees in this civil rights case is challenged as being too low. While not overly generous, we conclude that it was within the range of the District Court's discretion.

This action was begun by several black women alleging discrimination in employment practices in violation of Title VII of the Civil Rights Act of 1964. The District Judge found such discrimination had been practiced, and he issued an appropriate injunction, but he denied an award of back pay and counsel fees. Generally we affirmed, but we held that counsel fees should have been awarded, and we remanded for that purpose. Lea v. Cone Mills Corporation, 4 Cir., 438 F. 2d 86.

On remand the District Court awarded fees of $10,000, the adequacy of which is now questioned.

Our review is hampered by the absence of detailed findings, a circumstance which the plaintiffs contend requires reversal under Rule 52(a), F.R. C.P. Rule 52(a) does require findings of fact and conclusions of law in actions tried without a jury, but, in its last sentence, it exempts "decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b)." The fee award was sought by motion under the provisions of § 706(k) of Title VII.[1] It is one of the "other motions" exempted from the requirements of Rule 52(a), and the absence of findings does not require reversal. The fact that no findings were requested of the District Court emphasizes our conclusion.

We might have considered a discretionary remand for detailed findings but for the untimely death of Judge Stanley. We cannot call upon him to record his thought processes, and another District Judge is in no better position than we to reconstruct them.

The plaintiffs' lawyers are successful and experienced in handling civil rights cases in the federal courts. They say that, collectively, they expended 515 hours in handling the case. There were twelve of them, however, some in New

1. 42 U.S.C.A. § 2000e–5(k).

York and some in Charlotte. The fact that there were so many lawyers suggests the possibility of substantial duplication of effort. Duplication is strongly indicated by such things as the expenditure of 40 hours in a "preliminary analysis" of defendant's answers to interrogatories, 60 hours in the preparation of a reply brief and three hours of lawyers' time in the preparation of a bill of costs.

Judge Stanley, of course, had the advantage of close observation of their work product. An experienced trial judge, such as he, knows how to appraise the time and effort reasonably and prudently spent by lawyers in the preparation and presentation of their cases; he knows how to appraise the value of their services. Duplication of effort which we may only suspect could have been very apparent to him. Indeed we know that he thought the computation of the hours unreasonably high, for after disclaiming any thought of misrepresentation on the part of anyone, as do we, he remarked from the Bench, "some of these items I just think wouldn't take that long."

■■ "[T]he allowance of attorneys' fees" as Judge Murrah has said, "is within the judicial discretion of the trial judge, who has close and intimate knowledge of the efforts expended and the value of the services rendered. And an appellate court is not warranted in overturning the trial court's judgment unless under all of the facts and circumstances it is clearly wrong." United States v. Anglin & Stevenson, 10 Cir., 145 F.2d 622, 630, cert. denied 324 U.S. 844, 65 S.Ct. 678, 89 L.Ed. 1405. *See also*, Cappel v. Adams, 5 Cir., 434 F.2d 1278, 1280.

The plaintiffs find some comfort in Courtesy Chevrolet, Inc. v. Tennessee Walking Horse Breeders' and Exhibitors' Ass'n, 9 Cir., 393 F.2d 75. That was a not uncomplicated antitrust case in which the plaintiff's attorneys had expended 2,289 hours, four times the number of hours claimed here. The Court of Appeals directed that an award of attorneys' fees be increased from $5,000 to $10,000. Appellate intervention in fixing the amount of fee awards was unusual, but if $10,000 was within the bounds of reasonableness there, it hardly can be said to be without it here.

Considering the number of lawyers involved, the indications of duplication of effort, Judge Stanley's expression of his view that some of the work would reasonably require less time than actually spent and his own observation of the work product and his capacity to evaluate it, we cannot conclude that a fee of $10,000 was so unreasonably low as to be beyond the range of his discretion.

Affirmed.

WINTER, Circuit Judge (dissenting):

We are hampered in deciding this case by the absence of findings by the deceased district judge coupled with the fact of his death. While I share my brothers' evident admiration and respect for Judge Stanley's abilities and experience and the high quality of his performance of judicial duties, I nevertheless, am constrained to conclude that the fee fixed in this case was "clearly wrong." United States v. Anglin & Stevenson, 145 F.2d 622, 630 (10 Cir. 1944), cert. den., 324 U.S. 844, 65 S.Ct. 678, 89 L.Ed. 1405 (1945).

I

As a preliminary matter, I have serious doubts that Rule 52(a), F.R.Civ.P., does not require findings of fact and conclusions of law by the district court in this case, notwithstanding that the judgment for payment of counsel fees was requested by motion. Stated otherwise, I am inclined to view the language of Rule 52(a), exempting decisions of certain types of motions from the findings of fact and conclusions of law requirements of the rule, as inapplicable here. What was sought was a money judgment. There was a contest as to the number of hours of legal services which were necessary and proper and the rate at which they were to be compensated. Although the judgment was

sought by motion, the case would appear to be analogous to any other contested non-jury action where findings of fact and conclusions of law are required when the case is decided on the merits. Hence, within the spirit of Rule 52(a), if not its letter, findings of fact and conclusions of law by the district court would seem to have been required. See Horizons Titanium Corporation v. Norton Company, 290 F.2d 421, 424 (1 Cir. 1961); 5A Moore's Federal Practice ¶ 52.08 (1971 Ed.); 9 Wright and Miller, Federal Practice and Procedure § 2575 at p. 694 (1971 Ed.). Cf. Westley v. Southern Railway Co., 250 F.2d 188, 189 (4 Cir. 1957).

I would not decide the point and remand the case for further findings, however, because Judge Stanley has unfortunately died. Judicial efficiency would seem to dictate that, if it is concluded that the district judge exceeded his discretion in fixing the fee, we proceed to a final determination of the case on the present record because we are as able to make it as a district judge who is new to the case and who has had no previous knowledge of what has transpired.

## II

The reasons why I think the district judge exceeded his discretion, the amount of the fee I would allow, and the reasons therefore follow:

Plaintiffs requested an award of $29,640. They claimed that 515 hours had been spent in litigation of the case and that these hours should be compensated for at the rate of $40 per hour for conferences with plaintiffs and certain types of office work and at the rate of $60 per hour for court appearances and other types of services. The district judge allowed $10,000 which, if plaintiffs' claim of a total of 515 hours is accepted, means that plaintiffs' attorneys were allowed $19.42 per hour for their services.

In allowing $10,000, the district judge remarked, with respect to some of the items of time claimed, "I don't think there is anybody connected with the plaintiffs' case that would deliberately misrepresent anything, but some of these items I just think wouldn't take that long." Defendant asserted that 128 hours of the 515 hours claimed were excessive, but it did *not* contend that *all* of the 128 hours should be disallowed. Similarly, the majority is of the view that 103 hours were duplicating, but it does *not* suggest that *all* of the 103 hours should be excluded. If defendant's 128 hours asserted to be excessive are *totally* disallowed, the district judge's award meant that plaintiffs' attorneys were compensated at the rate of $25.84 per hour for their services.

Giving effect to the apparent view of the district judge that the total number of hours for which compensation was claimed was excessive, as well as the items which the majority points out appear to contain duplications, I would disallow 64 hours of the 515 hours claimed. Thus, I would make an allowance for 451 hours.

In the Middle District of North Carolina, the bar association's suggested *minimum* fee is $30 per hour for routine office work, travel time and stand-by time in court (only 6 hours in plaintiffs' claim) and $35 per hour for all other services. Certainly, this must be the beginning point in fixing the rate of compensation in this case. But other factors are relevant: The main action was one under new legislation involving novel issues. Plaintiffs achieved substantial success from their attorneys' efforts. They made new law which will affect the rights of many other persons. The novelty of the issues thoroughly warranted bringing counsel from more metropolitan and sophisticated areas where prevailing schedules of fees are more remunerative than those in the Middle District. Considering all of these factors, I do not see how counsel can fairly be compensated at a rate less than $40 per hour. Measured by this rate, the district judge's allowance constituted an abuse of discretion because

counsel would have been compensated for only 250 hours of services, and there is nothing in the record, and no party has asserted, that only 250 of counsel's claimed 515 hours of services were compensable.

If what I think is a proper minimum rate is applied to what I think is a proper base, the resulting figure is $22,040. But the record reflects that the time spent in preparing the claim for fees, litigating that claim, and litigating this appeal have not been included in the claim. I would, therefore, direct a total allowance of $25,000 for all services to the termination of the litigation.

I respectfully dissent.