**INTERNATIONAL VIDEO CORPORA-
TION, Plaintiff-Appellee,**

v.

**AMPEX CORPORATION, Defendant-
Appellant.**

**No. 71–1935.**

United States Court of Appeals,
Ninth Circuit.

Sept. 4, 1973.

Francis A. Even (argued), John F. Flannery, of Fitch, Even, Tabin & Luedeka, Chicago, Ill., J. Bruce McCubbrey, San Francisco, Cal., for defendant-appellant.

Karl A. Limbach (argued), Richard E. Peterson, Thomas A. Gallagher, of Limbach, Limbach & Sutton, San Francisco, Cal., for plaintiff-appellee.

Before CHAMBERS and TRASK, Circuit Judges, and TAYLOR,* District Judge.

TRASK, Circuit Judge:

This is an appeal from an order dismissing both a complaint for declaratory judgment and a counterclaim for patent infringement on the basis that there was no actual or justiciable controversy between the parties. Appellant, Ampex Corporation (Ampex), claims the court had no authority to dismiss its counterclaim over its objection and challenges the court's discretion in refusing to award attorneys' fees. We affirm.

International Video Corporation (International), the plaintiff-appellee, originally sought a declaratory judgment that it was not infringing an Ampex patent covering video tape recording apparatus. Ampex unsuccessfully sought dismissal of the action asserting by way of Motion to Dismiss, that there was no justiciable controversy. Thereafter, Ampex "reluctantly" filed a compulsory counterclaim to prevent waiver of its right to sue International for patent infringement. Fed.R.Civ.P. 13(a). The counterclaim alleged:

> "Without hereby waiving its denial of the existence heretofore of a justiciable controversy between the Plaintiff, International Video Corporation, and the Defendant, Ampex Corporation, with respect to the Defendant's Patent 2,956,114, or to infringement thereof by the Plaintiff; and without waiving its right of review of the District Court's denial of the Defendant's motion to dismiss the declaratory judgment complaint herein for want of justiciable controversy; and to prevent possible loss of right for failure to assert what may be held to be a compulsory counterclaim, the Defendant counterclaims against the Plaintiff, IVC, . . ." C.T. at 71.

A year later, International having changed its position completely, filed a Motion to Reopen Defendant's Motion to Dismiss, arguing that the factual context of the action had changed and that the action should be dismissed as Ampex had previously suggested. The court granted International's motion explaining:

> "In effect, plaintiff argues that the circumstances giving rise to this action have so changed that it would serve no useful purpose to proceed further. In light of plaintiff's presentation, this argument is persuasive. Although the parties may still be in some disagreement over the patent in question, the changes in circumstances referred to by plaintiff demonstrate that 'there are no longer adverse parties with sufficient legal interests to maintain the litigation.' 6A Moore's Federal Practice ¶ 57.13, at 3074 (2d ed. 1966). See Cover v. Schwartz, 133 F.2d 541 (2d Cir.), cert. denied, 319 U.S. 748, [63 S.Ct. 1158, 87 L.Ed. 1703] (1942). Therefore, the motion to reopen is granted, and the complaint is dismissed.

> "Dismissal of the complaint does not require dismissal of the counterclaim. See Altvater v. Freeman, 319 U.S. 359, [63 S.Ct. 1115, 87 L.Ed. 1450] (1943). However, defendant has made it clear both in the counterclaim itself, and in opposing plaintiff's motion, that the counterclaim was reluctantly filed to protect against a waiver under Federal Rule of Civil Procedure 13(a). Since the complaint has been dismissed, defendant need fear waiver no longer. There being no actual controversy between the parties, the counterclaim is also dismissed." C.T. at 236.

Ampex does not challenge that part of the court's order dismissing International's complaint. However, it has appealed dismissal of its counterclaim.

Ampex contends that the dismissal of its counterclaim for patent infringement was error because it has never agreed

---

* Honorable Fred M. Taylor, Senior United States District Judge for the District of Idaho, sitting by designation.

to a voluntary dismissal under Rule 41(a)(2),[1] Fed.R.Civ.P. and because the prerequisites for an involuntary dismissal under Rule 41(b) or (c) have not been met. Ampex argues that dismissal of a complaint does not necessarily require dismissal of a counterclaim which has a jurisdictional basis independent of the main action. *See* McGraw-Edison Co. v. Preformed Line Products Co., 362 F.2d 339 (9th Cir. 1966). Here, Ampex asserts, there was such an independent jurisdictional basis for the counterclaim —federal patent jurisdiction. Ampex relies on Pioche Mines Consolidated, Inc. v. Fidelity-Philadelphia Trust Co., 206 F.2d 336 (9th Cir. 1953), where a similar order of dismissal of a counterclaim was reversed because the counterclaim rested independently upon separate federal grounds for jurisdiction, specifically, diversity of citizenship.

▆▆ We conclude that Rule 41 is inapplicable to the dismissals in this case which were predicated on lack of jurisdiction. Rule 41, cited by appellant, applies to voluntary dismissals and involuntary dismissals other than dismissals for lack of jurisdiction. Rule 12 dismissals for lack of jurisdiction are non-discretionary and are to be entered whether the parties object or not.[2]

▆ Ampex's argument must fail because it ignores the crucial threshold question—whether a justiciable controversy exists—underlying the court's orders of dismissal. If there is no controversy, there is no jurisdiction in a constitutional sense regardless of whether statutory jurisdiction might otherwise be properly founded.[3]

▆▆ In hearing the original motion to dismiss brought by appellant Ampex, the court concluded that a justiciable controversy existed. Ampex has never retreated from its original argument that the declaratory judgment complaint was dismissable for want of a justiciable controversy. The mere filing of a compulsory counterclaim does not establish a justiciable controversy where none previously existed. *Cf.* Dragor Shipping Corp. v. Union Tank Car Co., 378 F.2d 241 (9th Cir. 1967). The Ampex counterclaim shows on its face that no justiciable controversy is being asserted. The counterclaim expressly asserts Ampex's continuing position that the alleged dispute raised by International's complaint does not amount to a justiciable controversy.[4] The counterclaim was filed nonetheless because it might be considered a compulsory counterclaim which Ampex could lose forever if not then asserted. A comparison of the International complaint for declaratory judgment with the Ampex counterclaim for patent infringement convinces us that identical issues are involved in each. We do not quite understand how one can be dismissed for want of a justiciable controversy without the dismissal of the other. Both dismissals are required because the court lacks jurisdiction to adjudicate unless there is an actual controversy. This court has stated:

1. Rule 41(a)(2) provides in pertinent part: "If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court."

2. Rule 12(h) provides, for instance: ". . . whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

3. U.S.Const., art. III, § 2. The test for a justiciable controversy was suggested in

Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941):
   "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

4. Ampex has counterclaimed saying at the same time that it challenges jurisdiction. Query: could Ampex challenge jurisdiction after losing on the merits of the counterclaim?

"Compulsory counterclaims are required to be dismissed only when the complaint is dismissed for want of jurisdiction." Pioche Mines Consolidated, Inc. v. Fidelity-Philadelphia Trust Co., *supra*, 206 F.2d at 336.

Here the complaint was dismissed for want of an actual controversy and dismissal of the counterclaim was mandatory because it suffered from the same fatal jurisdictional defect.

■ Although the court's conclusion that the International complaint should be dismissed for lack of an actual controversy has not been directly attacked, we have nevertheless considered that finding and agree that it is not clearly erroneous. The court's original conclusion that jurisdiction existed was based on the testimony and arguments by the parties and was strongly urged by the plaintiff-appellee, International. When the court was asked by that same party, which had reversed its position, to reconsider the appellant's motion to dismiss, there was no longer a party arguing that a controversy existed. Ampex weakly maintained that the court should be bound by its original determination but Ampex produced no new evidence concerning the controversy. Ampex does not appear to be claiming, even now, that an actual controversy exists; rather, Ampex contends it will be prejudiced by a dismissal. The damages it could recover should it ever elect to bring a new infringement claim against International may be less than the amount it could recover if the date of the counterclaim in this action were used as the triggering date for the assessment of damages under the patent marking statute, a statutory limitation upon the recovery of damages, 35 U.S.C. § 287. The court avoided any injury to the interests of Ampex by providing that the dismissal of the counterclaim was without prejudice to its right to refile the claim. In answer to the claim that the amount of recoverable damages might be less, the court promptly stipulated that if Ampex refiled its claim within six months from the date of dismissal, it would be permitted to assert damages and rights retroactively to the date of the filing of the counterclaim. Ampex did not refile its claim within that grace period. Under these circumstances where neither party appears to be asserting that any real controversy exists, and the rights of Ampex could be fully protected, the court properly concluded that the complaint and counterclaim should both be dismissed.

■ Appellant further contends that the district court abused its discretion in refusing to award Ampex attorneys' fees occasioned by International's suit. Ampex argues that International's capricious change of position and the resultant dismissal of the action mandate such an award. Appellant predicates the court's authority to award attorneys' fees on Rule 41(a)(2) which provides for "terms and conditions" in dismissal orders.

■■ International does not dispute that the court had the power to award attorneys' fees but maintains that the court's discretionary conclusion against such an award should be sustained. International points out that Ampex's conduct was not so exemplary and International's so heinous that equity would require an award of attorneys' fees in this case. Allowance of attorneys' fees is normally within the judicial discretion of the trial court. Lea v. Cone Mills Corp., 467 F.2d 277 (4th Cir. 1972). Furthermore, an award of attorneys' fees is ordinarily improper in the absence of a statute or under the most unusual circumstances. Maier Brewing Co. v. Fleischmann Distilling Corp., 359 F.2d 156 (9th Cir. 1966). We conclude that there was no abuse of discretion in denying appellant's request for an award of its attorneys' fees.

Affirmed.