**CHAMFER ENGINEERING, INC., Plaintiff,**

v.

**TAPCO INTERNATIONAL, INC., and R. I. Patents, Inc., Defendants.**

**Civ. A. No. H–79–1476.**

United States District Court, S. D. Texas, Houston Division.

Oct. 6, 1980.

Robert C. Baker, St. Paul, Minn., for plaintiff.

Eugene L. Johnson (Dorsey, Windhorst, Hannaford, Whitney & Halladay), Minneapolis, Minn., James F. Weiler, Fulbright & Jaworski and G. Bryon Jamison, II, Baker & Botts, Houston, Tex., for defendants.

## MEMORANDUM AND ORDER

McDONALD, District Judge.

Came on to be heard plaintiff's Motion for Dismissal requesting this Court to dismiss both its complaint and defendants' counterclaim. On September 5, 1980, a hearing was held for the purposes of clarification of the parties' arguments. For the following reasons, the Court DENIES plaintiff's motion.

This is a declaratory judgment action filed initially by the plaintiff in the United States District Court of Minnesota seeking a judgment declaring twenty–two (22) patents invalid and not infringed, asserting fraud in obtaining each of the patents, and alleging patent misuse, antitrust violations

and unfair competition by the defendants. On February 6, 1979, the defendants filed motions to dismiss for lack of personal jurisdiction, lack of indispensable parties, failure to state a claim upon which relief can be granted, and lack of a justiciable controversy. On March 18, 1979, Chief Judge Edward J. Devitt granted one of the defendant's motion to dismiss on the basis of lack of personal jurisdiction, but denied the motions to dismiss for lack of personal jurisdiction over R. I. Patents, Inc., for lack of an indispensable party, and for failure to state a claim upon which relief can be granted. The Court did not explicitly rule on Tapco's motion to dismiss for lack of a justiciable controversy.

Subsequently, both the plaintiff and the defendants filed motions to reconsider the Court's ruling of March 18, 1979. Defendants Tapco and R. I. Patents then moved to transfer this action to the United States District Court for the Southern District of Texas. Judge Devitt granted the motion to transfer against the plaintiff's opposition on May 23, 1979, on the grounds that the transfer would resolve all justiciable problems then under consideration, particularly the question involving an alleged indispensable party located in Texas. On April 23, 1979, defendants Tapco and R. I. Patents filed an answer and counterclaim in this Court in which their allegation of patent infringement was made "subject to a finding that the requisite . . . declaratory judgment controversy exists" to support plaintiff's complaint.

The plaintiff now seeks to dismiss the entire action after a year and a half of litigation. Plaintiff argues that since the filing of its amended complaint, the unauthorized behavior by the defendants has ceased and consequently it "accepts and admits defendants' allegation that there is no controversy to give rise to declaratory judgment jurisdiction." The plaintiff reasons that the defendants' counterclaim should be dismissed since it was made explicitly contingent on a finding of declaratory judgment controversy which no longer exists. The defendant argues that the plaintiff cannot unilaterally dismiss a case in which a counterclaim has been asserted without the consent of the defendants. They also argue that declaratory judgment jurisdiction is present in this case, and that Judge Devitt so found. They further argue that their counterclaim, which they label "compulsory" pursuant to Rule 13(a) of the Federal Rules of Civil Procedure, also provides the basis for finding that a justiciable controversy exists.

From the outset, it may be observed that both parties are in agreement that there is no subject matter controversy as to the allegations in Counts 3, 4, and 5 of plaintiff's complaint regarding purported antitrust violations, practices of unfair competition by the defendants, and the validity of certain patents no longer disputed. The defendants' position is that there is no longer subject matter controversy as to any of the allegations in plaintiff's complaint "except for patent infringement and validity of the four patents asserted by defendants in their counterclaim and also found in the list of patents set forth in Counts 1 and 2 of plaintiff's amended complaint." Consequently, the question before this Court is whether plaintiff's motion to dismiss may be granted as to its remaining claims and defendants' counterclaim.

If plaintiff were seeking a voluntary dismissal under Rule 41(a) of the Federal Rules of Civil Procedure, as defendant initially argued, plaintiff's motion would have to be denied since Rule 41(a)(2) provides that no voluntary dismissal may be had against the objections of a defendant asserting a counterclaim "unless the counterclaim can remain pending for independent adjudication by the court." Since it is uncontested that this Court would not have independent jurisdiction over the plaintiff if its complaint were dismissed, the plaintiff cannot voluntarily dismiss this action without the consent of the defendants. However, the plaintiff is not seeking a voluntary dismissal under Rule 41(a), but instead is seeking a Rule 12 dismissal for lack of a justiciable controversy. Rule 12 dismissals are nondiscretionary and are to be entered

whether the parties object or not. *International Video Corp. v. Ampex Corp.*, 484 F.2d 634 (9th Cir. 1978).

 It is well settled that an actual justiciable controversy must be present in order to satisfy the constitutional limitations on the judicial power set out in Article III, Section 2 of the United States Constitution. *Golden v. Zwickler*, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969); *Maryland Casualty Company v. Pacific Coal & Oil Company*, 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941); and *Aetna Life Insurance Company of Hartford Connecticut v. Haworth*, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937). As the Supreme Court stated in *Maryland Casualty Company, supra*, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." 312 U.S. at 273, 61 S.Ct. at 512. It is not enough that there may have been a controversy when the action was commenced if subsequent events have put an end to the controversy. *Golden, supra*; Wright & Miller, *Federal Practice and Procedure*, Civil § 2757. Nor may stipulations by a party or prior decisions of a court preclude the finding of no present justiciable controversy. *International Video, supra*. Moreover, in determining whether a justiciable controversy exists the court may not look to the defendants' counterclaim but must limit its examination to the plaintiff's complaint. *City of Houston v. Standard–Triumph Motor Company*, 347 F.2d 194 (5th Cir. 1965) *cert. denied*, 382 U.S. 974, 86 S.Ct. 539, 15 L.Ed.2d 466; Wright & Miller, § 1414.

The main thrust of plaintiff's argument is that a justiciable controversy no longer exists because the defendants have stopped the activity which formed the basis of the plaintiff's complaint. More specifically, the plaintiff asserts that this suit was prompted by the demands from defendant Tapco to stop infringing their patents and the threats by Tapco to sue the plaintiff's customers for patent infringement. The plaintiff now contends that Tapco never had authority to make such threats since R. I. Patents, and not Tapco, was the registered owner of the disputed patents and that, consequently, only R. I. Patents could justifiably make a claim of infringement that would give rise to this suit. Plaintiff seeks to adopt R. I. Patents' earlier argument on this issue, reversing their previous position—that Tapco did have such authority—which the plaintiff asserted while the case was pending in Minnesota.

The defendants counter that this issue has already been decided by Judge Devitt and is now the "law of the case." They point to Judge Devitt's Order of March 20, 1979, in which he denied R. I. Patents' motion to dismiss for lack of personal jurisdiction. In that motion, R. I. Patents had denied that they had transacted business in Minnesota, either in person or through an agent. Judge Devitt rejected that argument, finding that Tapco acted as R. I. Patents' agent in threatening the plaintiff with litigation. Judge Devitt quoted the following passage from the agreement between R. I. Patents and Tapco:

> All existing licenses by R.I. to others than TAPCO and ARCOS are hereby assigned to TAPCO for administration thereof. TAPCO hereby assumes responsibility for observing their provisions, administering their operation, and making collections per the terms of those agreements and of Paragraph IV of the agreement.

Judge Devitt then went on to say:

> This agreement clearly makes Tapco R.I.'s agent in the administration of the non–exclusive licenses. *See First National Bank of Minneola v. Farmers & Mechanics State Bank*, 417 S.W.2d 317 (Tex. Civ.App.1967). The letters sent into Minnesota threatening plaintiff with litigation indicate Tapco was acting on its own behalf as the exclusive licensee of some of the patents mentioned in the letter, and as R.I.'s administrator for the remainder of those patents listed in the letter. The sending of such a letter into Minnesota is sufficient to satisfy due

process and establish jurisdiction over the sender. *B & J Mfg. Co. v. Solar Industries, Inc.*, 483 F.2d 594 (8th Cir. 1973). Since Tapco was acting on R.I.'s behalf, Tapco's contacts with Minnesota by virtue of the agency agreement can be imputed to R.I. to confer jurisdiction over it. *Chamfer Engineering, Inc. v. Tapco Int'l, Inc., et al.*, 82 F.R.D. 33 at 35 (1979). (Footnote omitted.)

The court noted that jurisdiction over R. I. Patents was not based on Tapco's activities as licensee of patents owned by R. I. Patents but rather on Tapco's role as "administrator" of these patents. *Id.* at 35 n. 1.

 Based upon this language, the Court finds that Judge Devitt held that Tapco acted as R. I. Patents' agent when it threatened the plaintiff with litigation and therefore this Court is bound by that determination. Moreover, Judge Devitt's ruling extended only to those patents owned by R. I. Patents but administered by Tapco. It is uncontested that Tapco clearly had authority to threaten the plaintiff with a patent violation suit as to the twelve patents of which Tapco is the exclusive licensee. The validity of some of those patents is still being disputed before this Court. The Court therefore concludes that plaintiff's claim that a justiciable controversy no longer exists on the basis of Tapco's lack of authority must be rejected.

The plaintiff is correct when it points out that a justiciable controversy is a requirement to the constitutional exercise of federal judicial power and that the question of lack of jurisdiction may be raised at any time. *Travelers Indemnity Co. v. Standard Accident Insurance Co.*, 329 F.2d 329 (7th Cir. 1964). This Court may, indeed is required, to determine whether subsequent events have put an end to the controversy. *Golden v. Zwickler, supra.* However, the Court, after considering the arguments of the parties, finds that nothing has occurred since the filing of the suit which would put an end to the justiciable controversy which existed when this suit was filed.

During oral argument, counsel for plaintiff openly asserted that he was concerned about the expense that would be incurred by his client if this case were tried in this forum. However, after a year and a half of pretrial maneuvering, this Court will not accept plaintiff's assertion of lack of justiciable controversy which appears to be a guise to avoid the jurisdiction of this Court. To do so would, in effect, obliterate the distinction between Rule 41 voluntary dismissals and Rule 12 dismissals for lack of jurisdiction. This the Court declines to do.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that plaintiff's Motion for Dismissal is DENIED.