885 F.2d 865
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
PARAMOUNT INDUSTRIAL COMPANIES, INC., Plaintiff-Appellant,
v.
FURNITURE & CARPETLAND, INC., Defendant-Appellee.
 No. 89-2079.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 8, 1989.
Decided Sept. 5, 1989.
 
 Christopher C. Spencer, Mcguire, Woods, Battle & Boothe, on brief for appellant.
 C. Allen Riggins, Parker, Pollard & Brown, P.C., on brief for appellee.
 Before DONALD RUSSELL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This court, on September 6, 1988, affirmed a judgment awarding appellant Paramount $25,000 plus interest, costs, and an attorney's fee of $11,641.23 for debts owed Paramount by appellee Furniture and Carpetland. Paramount Industrial Companies, Inc. v. Furniture and Carpetland, Inc., No. 87-3760 (4th Cir. Sept. 6, 1988) (per curiam). On October 19, 1988 this court remanded the case to the district court for a determination of whether Paramount was entitled to any additional attorney's fee. The only issue now before the court is whether the district court properly denied appellant any attorney's fees in addition to the $11,641.23 originally awarded.
 
 
 2
 The appropriate standard of review is well established. An award or non-award of attorney's fee "is within the judicial discretion of the trial judge, who has close and intimate knowledge of the efforts expended and the value of the services rendered. And an appellate court is not warranted in overturning the trial court's judgment unless under all of the facts and circumstances it is clearly wrong." Lea v. Cone Mills Corp., 467 F.2d 277, 279 (4th Cir.1972), quoting United States v. Anglin & Stevenson, 145 F.2d 622, 630 (10th Cir.1944), cert. denied, 324 U.S. 844 (1945). See also Craig v. Secretary, Department of Health and Human Services, 864 F.2d 324, 328 (4th Cir.1989) ("The court that tries a case is best qualified to make an appropriate allowance of attorney fees.") Although we recognize that the fees presently sought are for services since initial judgment in the district court, in our October order we stated that many facts pertinent to the fees were not available to us and that it would be best for the district court to address the problem first. Under the circumstances review under the "clearly wrong" standard is proper.
 
 
 3
 The facts of the case are not in dispute. The underlying agreement between the parties provided reasonable attorney's fees and costs incurred if Paramount found it necessary to resort to legal process to recover defendant's valid debt. As already noted, in the initial proceedings the district court awarded Paramount damages and a reasonable attorney's fee. Thereafter Paramount, fearing it would not be able to collect, proceeded to execute the judgment by levying upon Furniture's assets in its northern Virginia stores. Execution satisfied the debt. In the interim Furniture had appealed the district court's decision to this court. The fees now sought by plaintiffs are the result of work done in executing the judgment and in successfully defending the appeal. Plaintiff is asking a total of $22,919.40 for these most recent efforts, making the total fee request $34,560.63.
 
 
 4
 Courts have had all too many opportunities to address the question of "reasonable" attorney's fees. The issue has frequently arisen in contexts where statutes specifically provide for fees, as well as in contractual arrangements, such as this one. Although there are important differences in calculating "reasonableness" in different contexts, many fundamental concepts apply to a range of disputes, including this one. The Supreme Court has held that the "most useful starting point for determining the amount of a reasonable fee" is the determination of a "lodestar" figure, "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Most pertinent to this dispute, the Court has elaborated on the meaning of "the number of hours reasonably expended." It has stated that:
 
 
 5
 The district court should exclude from this initial fee calculation hours that were not 'reasonably expended.' ... Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. 'In the private sector, 'billing judgment' is an important component in fee setting.' It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.
 
 
 6
 Hensley v. Eckerhart, 461 U.S. 424, 433-434 (1983).
 
 
 7
 General principles regarding what, if any, hours should be included in the computation of an attorney's fee are also reflected in decisions in this circuit and in Maryland, the state which provides the law for this diversity action. This court has held that district courts must consider and make detailed findings of fact relative to the twelve factors of reasonableness explicated in Johnson v. Georgia Highway Express, 488 F.2d 714, 717-19 (5th Cir.1974).[1] Cooper v. Dyke, 814 F.2d 941, 950 (4th Cir.1987). These factors are directly related to the creation of the lodestar figure in that "many of [the Johnson] factors are subsumed within the initial calculation of hours reasonably expended at a reasonable rate." Hensley, 461 U.S. at 434 n. 9.
 
 
 8
 Maryland law bears a strong resemblance to the analysis applied in federal cases. For example, trial courts are the original arbiter of fees, and there must be documentation of the hours worked and explanation of how time was spent. Sullivan v. Easco Corp., 662 F.Supp. 1396, 1404-05 (D.Md.1987). It has also been held that the theory underlying the use of time records and hourly rates for the billing of legal services is that the resultant bill will be a reasonable one within the range established by DR2-106 of Maryland's Code of Professional Responsibility. This rule provides in part that "A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee."[2] Attorney Grievance Committee v. Wright, 507 A.2d 618, 619-624 (Md.1986).
 
 
 9
 Evaluating the facts of this case in light of these decisions we do not believe that the district court was "clearly wrong." The district court's initial task was to calculate an estimate of appropriate fees by multiplying reasonable hours times a reasonable rate. When it did this it determined that there were no reasonable hours in addition to those already compensated, and thus there were no additional reasonable fees. This result rested partly on two findings of fact. First, the total fee requested was over $34,000, when the entire judgment was for an approximately equivalent sum.[3] This fact alone created an inference that the hours spent by counsel were not "reasonably expended." Under the circumstances there seemed a lack of "billing judgment," and a hint that hours are being billed simply because it was assumed that the defendant would have to pay them. Second, there was affidavit evidence that reasonable attorney's fees in Richmond in these kinds of cases might be from twenty-five to thirty percent of the total judgment. Here, plaintiff was seeking a fee of approximately one hundred percent.
 
 
 10
 Such facts relate directly to several of the Johnson factors and to similar elements in Maryland DR2-106. In Johnson indicia of reasonableness include the customary fee for similar work in the community, the size of awards in such cases, and the amount involved and the results obtained. Here, as already explained, each of these factors weighs heavily against plaintiff. Moreover, it cannot be said that any of the remaining Johnson factors point as decisively in plaintiff's favor. Similarly, Maryland's Code of Professional Responsibility considers the fee customarily charged in the locality for similar legal services and the amount involved and the result obtained as relevant factors in determining the reasonableness of a fee. Again, the weight of the factors is against plaintiff's new claim.
 
 
 11
 Finally, it should be noted that it is not novel for this court to deny fees for hours worked. In Cooper, 814 F.2d at 950, the court approved an award of attorney's fees for 386.8 hours when 529.7 had actually been expended. Exercising judgment, the attorneys requesting the fee had voluntarily reduced the amount of time for which compensation was claimed. We believe that it is precisely this kind of judgment that is lacking in this instance. As the Eleventh Circuit has stated:
 
 
 12
 Excluding excessive or otherwise unnecessary hours under the rubric of "billing judgment" means that a lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights, recognizing that in the private sector the economically rational person engages in some cost benefit analysis. In the final analysis, exclusions for excessive or unnecessary work must be left to the discretion of the district court.
 
 
 13
 Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1301 (11th Cir.1988). The general principle applies here.
 
 
 14
 Because the District Court properly analyzed and explained its decision, and because there were sufficient facts to support its holding, the denial of plaintiff's motion for an additional $22,919.40 was not "clearly wrong."
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 The Johnson factors include: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees awards in similar cases
 
 
 [2]
 Relevant factors in such a determination include: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and the ability of the lawyer or lawyers performing the services; (8) whether the fee is fixed or contingent. Attorney Grievance Committee, 507 A.2d at 619-624
 
 
 [3]
 The judgment was $25,000.00 plus a $11,641.23 attorney's fee